■ JOHN H. LAVELLE, Appellant, v URBACH, KAHN & WERLIN, P. C., Respondent. [604 NYS2d 614] —White, J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered August 26, 1992 in Albany County, which denied plaintiff's motion for summary judgment in lieu of complaint, and (2) from a supplemental order of said court, entered September 15, 1992 in Albany County, which, *inter alia,* granted defendant leave to serve an answer.

Upon plaintiff's termination of his employment with defendant, a public accounting firm, defendant's president, in accordance with the parties' contract known as the Master Agreement, executed a promissory note agreeing to pay plaintiff $28,152 as severance pay and also for the redemption of plaintiff's shares. This sum was to be paid in 36 monthly installments commencing October 1, 1991. When defendant failed to make the payment due on November 1, 1991, and all subsequent payments, plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213. Supreme Court denied the motion finding that defendant had raised evidence supporting defenses to its requirement to make payment under the note. These appeals ensued.

Plaintiff argues that, once Supreme Court determined that he had established a prima facie case, it should have granted his motion as the fact that defenses may be asserted against the note does not deprive it of CPLR 3213 treatment. We disagree. It is well settled that proof showing the existence of a triable issue of fact with respect to a bona fide defense against the note will defeat a CPLR 3213 motion *(see generally, Banesto Banking Corp. v Teitler,* 172 AD2d 469; *Fopeco, Inc. v General Coatings Technologies,* 107 AD2d 609).

Here, one of the defenses is predicated upon the anti-competition provisions contained in the Master Agreement which permits reductions in the amount due plaintiff in light of plaintiff's competition with defendant. According to defendant's calculations, the reductions called for under these provisions exceeds $50,000. We will not consider plaintiff's

contention that the anti-competition provisions are unenforceable because that issue was not raised before Supreme Court *(see, Matter of Town of Minerva v Essex County Indus. Dev. Agency,* 173 AD2d 1054, *lv denied* 78 NY2d 857). We, therefore, conclude that Supreme Court did not err in denying plaintiff's motion because, given the fact the Master Agreement and the promissory note are intertwined, defendant has shown the existence of a triable issue of fact with respect to a bona fide defense *(see, Inpar Bldg. Corp. v Veoukas,* 143 AD2d 810; *Regal Limousine v Allison Limousine Serv.,* 136 AD2d 534).

Finally, we note that Supreme Court's findings, that plaintiff is bound by the Master Agreement, that he acted in accordance with its terms, and that defendant delivered the promissory note in reliance on plaintiff's conduct, do not prejudice plaintiff because they do not constitute the law of the case. They are merely Supreme Court's rationale for its holding that defendant had established issues of fact regarding its defenses *(see,* Siegel, NY Prac § 448, at 679 [2d ed]).

Crew III, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order and supplemental order are affirmed, without costs.