■ EDWARD R. PHILLIPS, Appellant, v JOHN J. CIOFFI et al., Respondents. [611 NYS2d 181] —Order, Supreme Court, Suffolk County (Jack J. Cannavo, J.), entered on or about January 29, 1992, which denied plaintiff's motion for summary judgment in lieu of complaint against each of the defendants upon a demand note, and denied defendants' motion to disqualify plaintiff's law firm with leave to renew, unanimously modified, on the law, with costs and disbursements, to grant summary judgment to plaintiff as against all of the defendants, to deny the motion for disqualification without leave to renew, and as so modified affirmed. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $168,000 plus costs and disbursements and to sever defendants' counterclaims.

Plaintiff moved for summary judgment in lieu of complaint (CPLR 3213) on a demand note dated August 1, 1987 for $100,000 plus interest, and attorney's fees of $15,000, payable to the order of plaintiff, and signed by Charles F. Fischer, president, on behalf of Southport Estates, and by Fischer individually. Defendant John J. Cioffi's signature as guarantor appears directly below Fischer's signature as principal obligor

of the note. Cioffi asserts that he is not liable as guarantor because he signed a copy of the note, and not the original. However he cites no authority for the proposition that his guarantee is therefore unenforceable, and we are unaware of any such authority. Cioffi also claims that he signed the note only to guarantee the payment of Ronnie Soderstrom's $40,-000 interest in the note, but his signature appears as guarantor of the entire $100,000 obligation represented by the note, and parol evidence is inadmissible to contradict that unambiguous writing. Accordingly Special Term should have granted plaintiff's motion for summary judgment as against each of the defendants. Various notations at the bottom of the note (a list of beneficiaries and the amounts of their interests in the note, a notation "Hold this note!" and a notation "I'm in process of transferring lot to Ed as security") are insufficient to raise any issue of fact precluding summary judgment in favor of plaintiff.

We observe that the invocation of defenses based on facts extrinsic to an instrument for the payment of money only does not preclude CPLR 3213 consideration *(Dresdner Bank v Morse/Diesel, Inc.,* 115 AD2d 64, 68; *Woodbridge Vil. Assocs. v Goren,* 188 AD2d 293). The novation or modification argument founded on the "[h]old this note" notation is merely a shadowy semblance of an issue insufficient to defeat summary judgment *(Kornfeld v NRX Technologies,* 93 AD2d 772, *affd* 62 NY2d 686). Any purported oral agreement as to the conditional nature of the note is barred by the parol evidence rule *(Mariani v Dyer,* 193 AD2d 456, 458, *lv denied* 82 NY2d 658; *Curwil Constr. Corp. v RHP Dev. Corp.,* 194 AD2d 514, 516; *Citibank v Fleet Leasing Corp.,* 185 AD2d 838).

With respect to defendants' defense of partial payment, we find that none of the checks, invoices or other documents are referable by their terms or upon scrutiny to obligations that defendants purportedly paid on plaintiff's behalf, nor are terms of any such arrangement set forth *(see, Inter Bus. Mkt. v Kronengold,* 135 AD2d 474). The defendants' claim of fraudulent inducement is conclusory, and fails to state what misrepresentations were made, when and to whom *(see, Mariani v Dyer,* 193 AD2d, *supra,* at 457; *Green v Darwish,* 171 AD2d 644; *cf., Silber v Muschel,* 190 AD2d 727). The conclusory assertions of duress and undue influence are similarly devoid of factual detail.

Since the counterclaims asserted, except for those that mirror the fraud, duress and undue influence defenses rejected herein, are distinct from the demand for payment of the note,

the assertion of such claims should not impede plaintiff's recovery by summary judgment. Defendants' disqualification argument, premised below solely upon the attorney-witness rule set forth in Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20), should have been denied without leave to renew because the testimony of plaintiff and his firm was not demonstrated to be necessary *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446; *O'Donnell, Fox & Gartner v R-2000 Corp.,* 198 AD2d 154).

The defendants' counterclaims are severed, and the defendants' affirmation in opposition to the motion for summary judgment may serve as a complaint in a separate plenary action. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.