■ R-H-D CONSTRUCTION CORPORATION, Appellant, v ROBERT MILLER, Respondent. [634 NYS2d 846] —Peters, J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered May 20, 1994 in Albany County, which denied plaintiff's motion for summary judgment in lieu of complaint, and (2) from an order of said court, entered October 6, 1994 in Albany County, which denied plaintiff's motion for reargument.

Plaintiff, defendant's former employer, served a summons with notice upon defendant for breach of contract arising from nonpayment of an alleged $6,000 debt evidenced by a promissory note. Plaintiff thereafter served a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 alleging that defendant, having paid only $1,000, was in default and owed him the remaining $5,000 plus interest.

In opposition thereto, defendant claimed that upon making attempts to repay the debt, plaintiff assured him "that such debt was cancelled as a bonus for [his] service and employment with [p]laintiff corporation". Supreme Court denied plaintiff's motion for summary judgment as well as its subsequent motion for reargument. Plaintiff appeals both orders.

It is well settled that a promissory note, as an instrument for the payment of money only, is entitled to the expedited procedure detailed in CPLR 3213 (*see, e.g., Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751; *Grasso v Shutts Agency*, 132 AD2d 768, *appeal dismissed* 70 NY2d 797). Once a prima facie case is established, indicating an execution of the note and a default in payment (*see, Grasso v Shutts Agency, supra*), only "proof showing the existence of a triable issue of fact with respect to a bona fide defense against the note will defeat * * * [the] motion" (*Lavelle v Urbach, Kahn & Werlin, supra*, at 751).

Here, defendant contends that the debt secured by the promissory note was discharged by oral agreement and supported by executed consideration (*see,* UCC 3-601 [2]; *Bank of U. S. v Manheim*, 264 NY 45, 49; *Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 623). Pursuant to his employment relationship with plaintiff, defendant represents that he regularly received bonuses which included a car and money for trips to Hawaii and Florida. Defendant asserts that when he tendered the repayment of the outstanding debt either in December 1990 or January 1991, he was assured by plaintiff that the debt was discharged since he was to receive a bonus for that year which would now no longer have to be paid. Thus, there was adequate consideration at such time to orally discharge the debt.

We find that Supreme Court, confronted with conflicting affidavits addressing the scope of the parties' employment relationship (*see, Mirchel v RMJ Sec. Corp.*, 205 AD2d 388, 390), properly determined that an arguable defense has been raised such that a denial of summary judgment would be proper.

As to the denial of the motion to reargue, such order is not appealable (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *Matter of Albany Community Dev. Agency v Abdelgader*, 205 AD2d 905; *Stuart v Ellis Hosp.*, 198 AD2d 559, 561; *Lindsay v Funtime, Inc.*, 184 AD2d 1036).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order entered May 20, 1994 is affirmed, with costs. Ordered that the appeal from the order entered October 6, 1994 is dismissed.