■ J.K. FUNDING, INC., Doing Business as ROLS CAPITAL COMPANY, Appellant-Respondent, v DECARA ENTERPRISES, LTD., et al., Respondents-Appellants. [652 NYS2d 393] —Peters, J. Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme

---

Court (Miller, J.), entered December 27, 1995 in Rockland County, which denied plaintiff's motion and defendants' cross motion for summary judgment.

This action stems from an alleged default on a promissory note in the amount of $80,000 executed on February 5, 1990 by defendant Decara Enterprises, Ltd. in favor of Rols Capital Company. To secure payments due thereunder, defendant Gus Paxos executed a personal guarantee together with a mortgage securing the note.

Payments under the note were made by Decara until June 1991, when Rols filed a petition in bankruptcy in US Bankruptcy Court for the District of New Jersey, listing Paxos as a creditor to whom $80,000 was owed. On February 25, 1992, Marvin Goldman, the managing partner of Rols, issued a satisfaction of mortgage to Paxos in connection with the Decara promissory note. In April 1993, plaintiff purchased the assets of Rols which included the promissory note. Subsequent to the order confirming the plan of reorganization, plaintiff, in its management of Rols' assets, concluded that the Decara loan was improperly issued a satisfaction of mortgage and therefore notified Paxos not to record it. Notwithstanding such notification, Paxos recorded. Plaintiff then commenced the instant action seeking the full amount of the outstanding debt, plus interest. Defendants answered and, after having admitted to signing both the promissory note and the guarantee, asserted, *inter alia*, that the action is barred by an accord and satisfaction.

Plaintiff moved for summary judgment based upon the documentary evidence. In support thereof, it proffered the affidavit of Jeffrey Jonas, president of plaintiff, doing business as Rols, wherein the full amount of principal, interest and other fees owed in connection with the default were detailed. Defendants answered and cross-moved for summary judgment, contending that on or about July 20, 1988, Paxos lent Rols $120,000 evidenced by a promissory note to Paxos and a personal guarantee by Goldman, of which only $40,000 was repaid. After supplying copies of both, Paxos alleged and Goldman's affidavit confirmed that it was always their intention that the current loan was a repayment of Paxos' original loan to Rols, and not a new loan to Decara. Goldman further indicated that Paxos was, at all times, assured that he would be given a satisfaction of mortgage. A copy of that satisfaction was included. Supreme Court therefore denied both motions, prompting this cross appeal.

We affirm.* Although plaintiff submitted the executed promissory note with documentation showing defendants' default, thus establishing its entitlement to summary judgment (see, R-H-D Constr. Corp. v Miller, 222 AD2d 802, 803; Grasso v Shutts Agency, 132 AD2d 768, appeal dismissed 70 NY2d 797), defendants clearly demonstrated a triable issue of fact indicating a bona fide defense (see, R-H-D Constr. Corp. v Miller, supra, at 803) by the presentment of the satisfaction of the mortgage securing the note (see generally, Resolution Trust Corp. v Associated Gulf Contrs., 263 NJ Super 332, 348, 622 A2d 1324, 1332, cert denied 134 NJ 480, 634 A2d 527; Keegan v Estate of Keegan, 179 NJ Super 242, 246, 431 A2d 183, 185). Moreover, while defendants' submission of not only the Paxos affidavit but also that of Goldman, coupled with the documentary evidence, indicates their entitlement to summary judgment on the cross motion (see, R-H-D Constr. Corp. v Miller, supra, at 803), the submission of Jonas' affidavit in opposition, with supporting documentary evidence showing that payments were made pursuant to such note, raises a triable issue precluding the granting of summary judgment.

Accordingly, we affirm Supreme Court's order in its entirety.

Mercure, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Due to the language in the promissory note, there appears to be no dispute that New Jersey law is applicable and should be applied with respect to all substantive issues (see, Intercontinental Planning v Daystrom, Inc., 24 NY2d 372, 381; Gambar Enters. v Kelly Servs., 69 AD2d 297, 304).