◼ FRIENDS LUMBER, INC., Respondent, v CORNELL DEVELOPMENT CORPORATION et al., Appellants. [663 NYS2d 327] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered March 20, 1996 in Schenectady County, which granted plaintiff's motion for summary judgment in lieu of complaint.

From 1987 through 1994 defendant Cornell Development Corporation purchased lumber from plaintiff in conjunction with a residential real estate project. In 1989, Cornell Development's accounts payable to plaintiff began to increase and by 1992 the outstanding debt was quite substantial. Between 1992 and June 1993, efforts were made between the parties to resolve the issue of payment on the outstanding account, to no avail. During this time period, Cornell Development continued to purchase lumber from plaintiff.

By letter dated June 2, 1993, defendant Peter J. Cornell, president of Cornell Development, proposed that promissory notes be executed to pay the outstanding debt. Thereafter, on June 16, 1993, two promissory notes in the amount of $305,457.56 and $20,000, respectively, were signed by Cornell personally and as president of Cornell Development. The prom-

---

2. This sum was calculated as follows:

| Plaintiff | | Defendant | |
|---|---|---|---|
| Annual income | $6,500 | Annual income | $23,450 |
| less FICA | 427 | less FICA | 1,794 |
| Adjusted gross income | $6,073 | Adjusted gross income | $21,656 |

| | |
|---|---|
| Combined parental income: | $27,729 |
| Total child support obligation ($27,729 × 29%) | 8,041 |
| Defendant's pro rated share ($8,041 × 78%) | 6,272 |
| Defendant's weekly obligation ($6,272 ÷ 52 = $120 − $40) | 80 |

issory notes were "[f]or value received" and were to be paid in full on or before June 15, 1994. Each contains a clause providing that the note cannot be changed or terminated orally. After defendants failed to pay the amounts due by June 15, 1994, plaintiff moved, pursuant to CPLR 3213, for summary judgment in lieu of complaint. Defendants opposed the motion claiming as affirmative defenses that consideration for the notes was lacking, that the notes were signed as a result of fraudulent misrepresentations made by plaintiff's officers and agents and that Cornell was forced to sign the notes under economic duress. In addition to these affirmative defenses, several counterclaims were interposed for breach of various warranties and negligence in conjunction with the lumber sold. Supreme Court granted plaintiff's motion, prompting this appeal.

As instruments for the payment of money only, the promissory notes are entitled to the expedited procedure outlined in CPLR 3213 (*see, R-H-D Constr. Co. v Miller*, 222 AD2d 802, 803; *Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751). The prima facie case proven by plaintiff—demonstration of the execution of the notes and defendants' default in payment (*see, Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, *affd* 29 NY2d 617)—can be defeated only by proof demonstrating the existence of a triable issue of fact with respect to a bona fide defense (*see, Lavelle v Urbach, Kahn & Werlin, supra*). Defendants have failed in this regard.

It is beyond contradiction that the promissory notes relate to defendants' antecedent obligations to plaintiff for lumber purchases. Accordingly, the failure of consideration defense cannot be considered a "bona fide" defense barring the CPLR 3213 motion (*see, McCarthy v Sessions*, 170 AD2d 25; *Crumbliss v Swerdlow*, 158 AD2d 502, *lv denied* 75 NY2d 710; *Perlstein v Kullberg Amato Picacone/ABP*, 158 AD2d 251, 252; *Tabor v Logan*, 114 AD2d 894; *see also*, UCC 3-303 [b]; 3-408).

Cornell claims that he was fraudulently induced into executing the notes based upon oral representations by plaintiff's officers and agents that the one-year term would not be enforced. With respect to this affirmative defense, we note several points. First, evidence in support of this claim is limited to Cornell's own general and unsubstantiated allegations (*cf., Amirana v Howland*, 202 AD2d 783, 785). Moreover, the execution of promissory notes was proposed by Cornell, an experienced business person, and he was responsible for drafting them (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 571; *Keeseville Natl. Bank v Gulati*, 194 AD2d 970, 971, *lv denied* 82 NY2d 663). Finally, and most importantly, Cornell's claim in this regard is

inconsistent with the unambiguous terms of the promissory notes themselves (*see, Keeseville Natl. Bank v Gulati, supra*) and therefore is barred by the parol evidence rule (*see, Falco v Thorne*, 225 AD2d 582; *DH Cattle Holdings Co. v Reno*, 196 AD2d 670, 673; *National Bank v ESI Group*, 167 AD2d 453, 454; *Benderson Dev. Co. v Hallaway Props.*, 115 AD2d 339, *affd* 67 NY2d 963).

Nor are defendants' vague and conclusory assertions of economic duress sufficient to defeat the motion. The alleged threat by plaintiff's officers and agents that plaintiff would sue defendants for the outstanding debt if Cornell did not sign the notes does not constitute economic duress and is therefore not a bona fide defense to the claim (*cf., Sosnoff v Carter*, 165 AD2d 486). The existence of economic duress is demonstrated by proof that one party to a contract has threatened to breach the contract by withholding performance unless the other party agrees to some further demand (*see, 805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447; *Austin Instrument v Loral Corp.*, 29 NY2d 124, 130). Indeed, defendants must establish that they were compelled to agree to the terms of the promissory notes because of a wrongful threat by plaintiff which precluded the exercise of their free will (*see, id.*). Just as a party cannot be guilty of economic duress for refusing to do that which he or she is not legally required to do (*see, 805 Third Ave. Co. v M.W. Realty Assocs., supra; MLI Indus. v New York State Urban Dev. Corp.*, 205 AD2d 998), the threatened exercise of a legal right does not amount to economic duress (*see, Niagara Frontier Transp. Auth. v Patterson-Stevens*, 237 AD2d 965; *Wall St. Clearing Co. v Ainbinder*, 212 AD2d 488; *Marine Midland Bank v Hallman's Budget Rent-A-Car*, 204 AD2d 1007; *Marine Midland Bank v Mitchell*, 100 AD2d 733; *Marine Midland Bank v Stukey*, 75 AD2d 713, *affd* 55 NY2d 633).

Finally, plaintiff's claim for the money due under the promissory notes and defendants' counterclaims relating to the purchased lumber are not so inseparable that the counterclaims should preclude summary judgment to plaintiff. With respect to the counterclaims interposed, "[g]enerally, a counterclaim that does not itself meet the criteria of CPLR 3213 should not be allowed to obstruct a claim brought thereunder" (*Vinciguerra v Northside Partnership*, 188 AD2d 861, 862).

Here, the promissory notes were executed by defendants with full knowledge of the alleged defective lumber. Moreover, defendants' failure to make the agreed-upon payments was not based upon alleged defects in the lumber; rather, Cornell Development's financial problems and lack of capital prevented

the timely payment of the debts. Thus, although the counterclaims are tangentially related to plaintiff's claim in that they arise out of lumber purchases made by defendants over the years, they do not represent a defense to plaintiff's claim and are not sufficiently tied to defendants' obligations under the notes to constitute a valid basis for denying plaintiff's motion. Said differently, we cannot conclude that the counterclaims regarding the lumber purchases and the execution of the promissory notes themselves are inseparably intertwined (see, *Grasso v Shutts Agency*, 132 AD2d 768, *appeal dismissed* 70 NY2d 797; cf., *A+ Assocs. v Naughter*, 236 AD2d 655; *Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738; *Inpar Bldg. Corp. v Veoukas*, 143 AD2d 810; *Chisholm Ryder Co. v Munro Games*, 58 AD2d 972).

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.