■ JUDARL, L. L. C. v CYCLETECH, INC., et al., Respondents. [667 NYS2d 451] —White, J. Appeal from an order of the Supreme Court (Teresi, J.), entered November 15, 1996 in Albany County, which, *inter alia*, denied plaintiff's motion for summary judgment in lieu of complaint.

Prior to its formation on February 28, 1996, plaintiff loaned defendant Cycletech, Inc. $165,000, receiving in return three demand promissory notes from Cycletech that were guaranteed by the individual defendants. A fourth note for $25,000, executed by Cycletech on March 15, 1996, was also guaranteed by the individual defendants.* On June 14, 1996, plaintiff issued a demand for payment to the individual defendants who did not respond. Whereupon, plaintiff initiated this motion for summary judgment in lieu of complaint (CPLR 3213). Supreme Court denied the motion, finding that plaintiff did not have the authority to bring suit to collect on the first three notes and, as to the fourth note, there was a triable issue of fact as to whether it arose out of a single agreement as asserted by the parties or two agreements as suggested by the record. Plaintiff appeals.

While Supreme Court correctly noted that a corporation that is neither *de jure* or *de facto* cannot acquire rights by contract or sue or be sued (*see, Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 389), parties who deal with an entity holding itself out as a corporation and who receive performance from such entity are estopped from avoiding their obligations to it (*see,*

---

* There was also an undocumented loan of $15,000 which plaintiff recognizes cannot be the subject of a CPLR 3213 motion.

*Puma Indus. Consulting v Daal Assocs.*, 808 F2d 982, 986; *Metered Appliances v 75 Owners Corp.*, 225 AD2d 338; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 112). Thus, as it is undisputed that Cycletech received the loan proceeds and as plaintiff has filed its articles of organization and paid the appropriate fees, we find that it is not precluded from seeking to enforce the three promissory notes executed prior to its formation.

The movant in a CPLR 3213 motion establishes a prima facie case by producing the promissory notes executed by the defendant and demonstrating that it failed to pay them (*see, Gross v Fruchter*, 230 AD2d 710). Inasmuch as plaintiff has satisfied this burden, our focus is on whether defendants have come forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense of the note (*see, Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751). Cycletech claims that it has a defense since plaintiff has failed to comply fully with a loan agreement requiring it to loan Cycletech $465,000. This argument suffers from several deficiencies. First, invocation of defenses based on facts extrinsic to an instrument for the payment of money only do not preclude CPLR 3213 consideration (*see, Phillips v Cioffi*, 204 AD2d 94, *lv denied* 85 NY2d 810; *Woodbridge Vil. Assocs. v Goren*, 188 AD2d 293; *Dresdner Bank AG. v Morse/Diesel, Inc.*, 115 AD2d 64, 68). Second, the record shows that what Cycletech claims is a loan agreement is merely a letter of intent authored by plaintiff which specifically states that it is not a binding commitment. Moreover, even if viewed as a contract, it offers Cycletech no support as it provides that the decision to make the loan was within plaintiff's sole and complete discretion. Therefore, since we find this defense unsubstantiated and, at best, separate and severable from plaintiff's claim, we conclude that Cycletech did not meet its burden on this motion (*see, Mitsubishi Trust & Banking Corp. v Housing Servs. Assocs.*, 227 AD2d 305).

The individual defendants seek to escape liability by claiming that plaintiff cannot bring this motion against them because of its failure to first demand payment from Cycletech. We disagree since the language contained in the subject guarantees evinces an unconditional guarantee of payment (*see, Milliken & Co. v Stewart*, 182 AD2d 385; *see also*, 63 NY Jur 2d, Guaranty and Suretyship, § 81, at 121-122).

Lastly, we have not considered defendants' argument premised upon Limited Liability Company Law § 206 as it was not raised before Supreme Court (*see, Matter of Alcott Staff*

*Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 58).

For these reasons, we reverse Supreme Court's order and grant plaintiff's motion.

Cardona, P. J., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, plaintiff is awarded judgment in the sum of $190,000 with interest, and matter remitted to the Supreme Court to ascertain plaintiff's reasonable counsel fees.