■ NEWCOURT SMALL BUSINESS LENDING CORPORATION, Respondent, v GRILLERS CASUAL DINING GROUP, INC., et al., Appellants. [727 NYS2d 699] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered June 7, 2000 in Albany County, which partially granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from an order of said court, entered August 18, 2000 in Albany County, which denied defendants' motion for leave to serve and file a counterclaim.

In 1996, defendant Grillers Casual Dining Group, Inc., through the services of Greenbush Associates, Inc., a commercial financial adviser, requested AT&T Small Business Lending Corporation, plaintiff's predecessor, to obtain financing for a proposed chain of restaurants to be located in upstate New York. Grillers' plan was to duplicate its successful Canadian chain of restaurants by building several restaurants with a central commissary for the preparation of food. Financing for the initial restaurant in the City of Albany was significantly delayed to the point that defendants financed the renovation and furnishing of the leasehold premises without borrowed funds. Subsequently, AT&T approached Grillers with a plan to finance the Albany restaurant and indicated its desire to do business with Grillers on a long-term basis. Following negotiations, Grillers executed and delivered to AT&T a promissory note in the principal sum of $560,000 to fund the opening and future operation of the Albany location. This promissory note was secured by the guarantees of the remaining defendants and a second mortgage covering real property in Canada owned by defendant 2768721 Canada, Inc.

In 1998, Grillers approached AT&T to obtain financing for the construction and operation of a second restaurant in the Town of Clifton Park, Saratoga County. AT&T indicated its willingness to negotiate the terms of such financing and for other future contemplated projects, but advised Grillers that it was "no longer aggressively seeking out start-up transactions that are not secured by commercial real estate" and that future loans would have to be secured by corporate and personal guarantees. Grillers, claiming that this modification was at variance with the oral representation of AT&T's representative that future projects would be financed without the necessity for collateral security in the form of other commercial real estate and personal guarantees, refused to negotiate further and no further financing was secured. In early 1999, Grillers defaulted on the promissory note and the restaurant was closed and liquidated. In May 1999, plaintiff, having succeeded to AT&T's interest, demanded repayment of the loan in full and, when not received, commenced this action on the promissory note by notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

In their affidavit in opposition, defendants asserted the affirmative defense that they were fraudulently induced into executing the promissory note by the oral representations concerning future loans and they sought to assert a counterclaim for breach of contract based on the same oral representations.

Supreme Court granted summary judgment to plaintiff with respect to liability only, but ordered a trial as to damages, finding issues of fact existed as to whether the collateral had been disposed of in a commercially reasonable manner. Apparently pursuant to the direction of Supreme Court, defendants thereafter moved for leave to interpose a counterclaim for breach of contract. Supreme Court denied this motion, finding that it was simply an effort to relitigate issues decided in the motion for summary judgment. Defendants appeal both orders.

Plaintiff established its prima facie entitlement to summary judgment pursuant to CPLR 3213 by demonstrating that it is the holder of an instrument for money only and that defendants are in default under its terms (*see, Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154; *Mlcoch v Smith*, 173 AD2d 443, 444). The burden then shifted to defendants to assemble and lay bare their proof to demonstrate the existence of an issue of fact which would establish a defense sufficient to defeat the grant of summary judgment (*see, Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887). The written guarantees of all defendants, except Grillers, formed the basis for plaintiff's causes of action against these four defendants. The unconditional nature of these guarantees precludes these four defendants from relying on a defense of fraud in the inducement (*see, Citibank v Plapinger*, 66 NY2d 90, 95; *Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.*, 160 AD2d 1110, 1111-1112). Consequently, summary judgment was properly granted against these four defendants.

Whether summary judgment was properly granted against Grillers requires that the record be searched to determine if it submitted evidence in admissible form sufficient to raise an issue of fact on the claimed defense of fraud in the inducement. The elements of fraudulent misrepresentation are " 'a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce [him or her] to act upon it, causing injury' " (*Flora v Kingsbridge Homes*, 214 AD2d 834, 836, quoting *Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119).

Defendants' claim is that they were induced to sign the note by the alleged oral representations of plaintiff's representative that future loans would be made to them without the necessity of personal guarantees or security in the form of commercial real estate. Defendants further claim that, because plaintiff changed its policy and was no longer "aggressively seeking out start-up transactions that are not secured by commercial real estate," they, having already pledged their commercial real

estate, could not obtain financing for the central commissary and the additional restaurants, which caused the Albany restaurant to fail. While this record does contain competing affidavits as to whether the alleged oral representations were or were not made, Grillers has submitted no evidence that the alleged oral representation, even if made, was then false, known to be false, or recklessly made. Moreover, defendants' damage claim is premised on their allegation that, in the absence of synergy and cost savings realized through a chain of restaurants and a central commissary, the Albany restaurant failed. These allegations are conclusory in form, devoid of documentary support and belied by other record correspondence written by Grillers' president, which indicates that the Albany restaurant failed because of competition and mismanagement. Accordingly, we find no error in Supreme Court having granted summary judgment to plaintiff against all defendants.

We reach a different conclusion, however, with respect to Supreme Court's denial of defendants' motion to assert a counterclaim. We do not share Supreme Court's view that defendants were simply trying to relitigate issues determined in plaintiff's CPLR 3213 motion for summary judgment because the counterclaim for breach of contract does not depend on plaintiff having made a false or fraudulent statement. Moreover, as a matter of procedure, there does not appear to be any requirement that defendants move to assert a counterclaim in a proceeding brought pursuant to CPLR 3213. Notably, having granted plaintiff's CPLR 3213 motion, no action is then pending in which the counterclaim may be asserted. Nevertheless, "[w]ith respect to the counterclaims interposed, '[g]enerally, a counterclaim that does not itself meet the criteria of CPLR 3213 should not be allowed to obstruct a claim brought thereunder' " (*Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 888, *supra*, quoting *Vinciguerra v Northside Partnership*, 188 AD2d 861, 862). While this counterclaim generally arises from the same set of facts as the alleged affirmative defense, it does not, as set forth above, depend on proof of fraud in the inducement. Moreover, since it was not asserted in an attempt to defeat the motion for summary judgment, there was no requirement that defendants assemble and lay bare their proof with respect to each element of the counterclaim. Accordingly, the counterclaim should be severed for separate trial.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order entered June 7, 2000 is affirmed, without costs. Ordered that the order entered August 18, 2000 is reversed, on the law, without costs, and motion granted.