■ COUCH WHITE, L. L. P., Respondent, v JAMES KELLY, Appellant. [729 NYS2d 206] —Lahtinen, J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 8, 2000 in Albany County, which granted plaintiff's motion for summary judgment in lieu of complaint.

On February 15, 1996 defendant executed a promissory note to pay Couch, White, Brenner, Howard & Feigenbaum (hereinafter the firm) the sum of $25,000. The note called for monthly payments of $500 beginning March 1, 1996 "until said amount is paid" and also provided that on default of more than 10 days on a payment, the whole amount "of said debt ($80,966.50)" would become due and payable. Defendant defaulted after paying $6,000 and plaintiff, successor in interest to the firm, commenced an action by moving for summary judgment in lieu of complaint pursuant to CPLR 3213, which motion was opposed by defendant.

Supreme Court granted plaintiff's motion finding that plaintiff had established a prima facie case for summary judg-

ment and that defendant failed to come forward with evidentiary proof showing a bona fide defense to the note. Plaintiff was awarded a judgment for $74,966.50 plus interest from March 1, 1996. Defendant appeals, contending that Supreme Court should not have granted plaintiff summary judgment because defendant had a bona fide defense to the note, a claim for legal malpractice related to defendant's account for legal fees, the underlying obligation which formed the basis for the note.

Clearly, the promissory note at issue here is an instrument for the payment of money only and is entitled to the expedited procedure set forth in CPLR 3213 (*see, Maikels v Albany Broadcasting Co.*, 248 AD2d 915, 916). Plaintiff presented a prima facie case by demonstrating that defendant executed the note and defaulted in the payments due thereunder (*see, Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887; *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, *affd* 29 NY2d 617). Defendant was then required to prove the existence of a triable issue of fact in the form of a bona fide defense against the note to defeat plaintiff's CPLR 3213 motion (*see, Lavelle v Urbach, Kahn & Werlin*, 198 AD2d 751). Defendant asserts that plaintiff's predecessor firm committed legal malpractice while representing him on the matter which generated the legal fees which comprised the consideration for the note. It is not disputed that the note represented an accommodation by the firm of those legal fees and we note that the amount of the judgment awarded to plaintiff as a result of defendant's default on the note was not the face amount of the note, but the full amount of defendant's counsel fees plaintiff claims were owed. While a defense based on facts extrinsic to the note does not preclude judgment for plaintiff under CPLR 3213 (*see, Judarl v Cycletech, Inc.*, 246 AD2d 736, 737; *Phillips v Cioffi*, 204 AD2d 94, *lv denied* 85 NY2d 810), on this record, the note for legal services and the firm's alleged negligent performance of those legal services may be said to be intertwined, demonstrating a triable issue of fact regarding a bona fide defense to the note (*see, e.g., Lavelle v Urbach, Kahn & Werlin, supra*, at 752).

The record contains documentary evidence, a letter in December 1993 to the firm from opposing counsel in defendant's case during the time the firm was representing defendant, advising of possible legal malpractice by the firm during the course of their representation of defendant. In February 1996, while still representing defendant and cognizant of this possible claim, which was not disclosed to defendant (*see,* Code of

Professional Responsibility DR 5-101 [a] [22 NYCRR 1200.20 (a)]), the firm proposed the note to defendant as an accommodation for payment of the legal fees for the possibly negligent services the firm previously rendered to defendant. Further, defendant made timely payments on the note through February 1, 1997, averring that he stopped payments only after he learned of the possible legal malpractice of the firm from his newly retained attorney. These are more than mere conclusory allegations (*see, e.g., Phillips v Cioffi, supra,* at 95) and, in our opinion, provide a sufficient basis to conclude that the statement for legal services and the execution of the note were " 'inextricably intertwined' " transactions (*Ingalsbe v Mueller,* 257 AD2d 894, 895, quoting *A + Assocs. v Naughter,* 236 AD2d 655, 656; *Eurotech Dev. v Adirondack Pennysaver,* 224 AD2d 738) and that defendant's asserted defense to the note cannot be said to be extrinsic to it (*cf., Friends Lbr. v Cornell Dev. Corp.,* 243 AD2d 886, *supra*).* Consequently, on this record, we find that defendant has presented proof of the existence of a triable issue of fact with respect to a bona fide defense against the note which would preclude summary judgment (*see, Lavelle v Urbach, Kahn & Werlin, supra*).

Finally, to the extent relevant to the issues raised on this appeal, defendant's defense based upon plaintiff's legal malpractice is not time barred (*see,* CPLR 203 [d]).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

* In *Friends Lbr.,* execution of the note sued upon and the defendant's counterclaims were found not to be "inseparably intertwined" where the defendant executed a note for payment of an open account fully aware of the possible defense that some of the products purchased from the plaintiff were defective and the defendant's payments on the note were stopped solely due to the defendant's financial circumstances.