■ GLENN C. WAEHNER, Respondent, v NORTHWEST BAY PARTNERS, LTD., Appellant. [817 NYS2d 429]—

Mercure, J.P. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered June 22, 2005 in Albany County, which granted plaintiff's motion for summary judgment in lieu of complaint.

Plaintiff commenced this action by summons and motion for summary judgment in lieu of complaint (*see* CPLR 3213), accompanied by the promissory note upon which he sought to recover. The note, payable to plaintiff in the amount of $95,000, was signed by defendant's principal and sole shareholder, Michael J. O'Brien, Jr. Defendant opposed the motion, challenging the terms of the note and the involvement of plaintiff's attorney due to his prior representation of the parties and O'Brien. Supreme Court granted summary judgment in favor of plaintiff, finding the note to be valid and enforceable, and that the cir-

cumstances of counsel's past representation of defendant did not warrant his disqualification. Defendant now appeals.

Initially, we reject defendant's argument that plaintiff's attorney should have been disqualified. Under the Code of Professional Responsibility, a lawyer cannot "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of [a] former client" (Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]). Thus, to succeed on a motion to disqualify an adversary's attorney pursuant to Code of Professional Responsibility DR 5-108 (a) (1), a movant "must prove that there was an attorney-client relationship between the moving party and opposing counsel, that the matters involved in both representations are substantially related, and that the interests of the present client and former client are materially adverse" (*Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636 [1998]). Similarly, to establish a violation of Code of Professional Responsibility DR 5-108 (a) (2) (22 NYCRR 1200.27 [a] [2]), a party must demonstrate the existence of a " 'reasonable probability' " of disclosure or use of a former client's confidences and secrets (*Jamaica Pub. Serv. Co. v AIU Ins. Co., supra* at 637, quoting *Greene v Greene*, 47 NY2d 447, 453 [1979]; *see Solow v Grace & Co.*, 83 NY2d 303, 308-309 [1994]). In either case, more than mere "generalized assertions" are required to justify disqualification (*see Jamaica Pub. Serv. Co. v AIU Ins. Co., supra* at 638).

Here, defendant has provided only conclusory allegations that counsel's prior representation is related to his current representation, failing to substantiate its claim that the promissory note in question is "inextricably tied" to the parties' development project regarding which counsel provided representation. In addition, beyond its bare assertion that counsel may have disclosed the existence of the note to plaintiff, defendant fails to controvert counsel's statements that he had no involvement in the execution of the note and that he was not aware of its existence until his representation of defendant ceased. Under these circumstances, Supreme Court properly concluded that defendant did not meet its burden of demonstrating that disqualification is required (*see id.* at 636-638; *Gaspar v Hollrock Poured Concrete, Inc.*, 7 AD3d 871, 872 [2004]).

Turning to the merits, we reject defendant's argument that questions of fact regarding the validity of the promissory note preclude the grant of summary judgment here. Plaintiff established prima facie entitlement to summary judgment by demonstrating that defendant executed the note and defaulted

in the payment due (*see Couch White v Kelly*, 286 AD2d 526, 527 [2001]). Consequently, the burden shifted to defendant to prove the existence of a triable issue of fact with respect to a bona fide defense of the note (*see id.* at 527; *Judarl v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]). While defendant asserts that the terms of the note are so ambiguous as to be unenforceable because the note refers to the payee as "Waehner" instead of setting forth plaintiff's full name and provides that payment is due "after date 8/4/00" without setting forth a fixed period after that date, it does not dispute the underlying debt or claim that the debt was due to anyone other than plaintiff on the date inscribed. Inasmuch as "conclusory assertion[s] . . . are insufficient to defeat [an] obligation to pay on [a] note," plaintiff is entitled to summary judgment under CPLR 3213 (*DH Cattle Holdings Co. v Kuntz*, 165 AD2d 568, 570 [1991]; *see Smith v Shields Sales Corp.*, 22 AD3d 942, 944 [2005]; *Judarl v Cycletech, Inc., supra* at 737).

Defendant's remaining arguments have been considered and found to be lacking in merit.

Crew III, Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.