■ CAPE VINCENT MILK PRODUCERS COOPERATIVE, INC., et al., Respondents, v ST. LAWRENCE FOOD CORPORATION et al., Appellants. [842 NYS2d 594]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered July 5, 2006 in St. Lawrence County, which granted plaintiffs' motion for summary judgment in lieu of complaint.

In a complex transaction, defendants acquired the real property and equipment that had been used by plaintiffs to manufacture cheese in the City of Ogdensburg, St. Lawrence County. As a part of the transaction, defendants executed (or guaranteed) a promissory note in the principal sum of $100,000, payable, without interest, by two $50,000 payments on specified dates. After defendants defaulted, were notified and failed to cure the default, plaintiffs commenced this action by service of

a motion for summary judgment in lieu of complaint (*see* CPLR 3213). As these facts are undisputed and the note is not ambiguous, plaintiffs are entitled to judgment (*see Coneco Corp. v Atlantic Energy Servs.*, 270 AD2d 691, 693 [2000]), unless defendants can "prove the existence of a triable issue of fact in the form of a bona fide defense against the note" (*Couch White v Kelly*, 286 AD2d 526, 527 [2001]; *see Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d 799, 800-801 [2006]). Defendants attempted to do this by asserting the defenses of fraud and estoppel and by interposing a counterclaim for breach of contract. Supreme Court granted plaintiffs' motion for summary judgment and defendants now appeal.

First, defendants' fraud allegations must be more than unsubstantiated conclusory allegations of fraudulent misrepresentations and purported oral agreements (*see Waehner v Northwest Bay Partners, Ltd., supra* at 801; *see also Banesto Banking Corp. v Teitler*, 172 AD2d 469, 470 [1991]; *compare R-H-D Constr. Corp. v Miller*, 222 AD2d 802, 803 [1995]). Here, defendants claim that they were fraudulently induced into executing the notes based upon plaintiffs' oral representations that the lien* on the equipment would soon be satisfied. Evidence in support of this claim consists of purely conclusory allegations made by defendants and a documentary proffer purportedly establishing that defendants were forced to return some equipment conveyed in the bill of sale. However, all such documents but one predate the bill of sale and the execution of the promissory note, while the one document postdating the bill of sale and execution of the promissory note relates to "packaging materials" not found in the bill of sale. Therefore, defendants failed to meet their burden of proof (*see Waehner v Northwest Bay Partners, Ltd., supra* at 801; *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]; *see also Banesto Banking Corp. v Teitler, supra* at 470).

Defendants' estoppel argument is equally without merit. Insofar as it relies on alleged oral representations made at the closing, the argument fails not only because these allegations are merely unsubstantiated conclusions (*see Waehner v Northwest Bay Partners, Ltd., supra* at 801), but because the note, as an unambiguous document, may not be modified by parol evidence (*see Judarl v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]; *Falco v Thorne*, 225 AD2d 582, 583 [1996]). Defendants' other estoppel argument is premised on letters that their counsel

---

* At the time of closing, a UCC financing statement was on file which all parties knew perfected a lien in favor of General Electric Capital. The statement has since expired.

wrote to plaintiffs' counsel, without receiving a reply, that stated defendants would deduct from the note payments certain sums which they allege were owed for tax prorations and costs incurred as a result of the UCC filing. Estoppel does not apply to plaintiffs so as to bar their cause of action on the note because such silence is not conduct which amounts to a false representation or concealment of a material fact; nor can estoppel be relied on by defendants because they cannot show justifiable reliance on the silence of plaintiffs' counsel nor a prejudicial change in their position (*see Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82 [1980]).

Lastly, defendants' breach of contract claims also consist of vague and conclusory allegations and are not so inseparable as to preclude summary judgment to plaintiffs. In this regard, "[g]enerally, a counterclaim that does not itself meet the criteria of CPLR 3213 should not be allowed to obstruct a claim brought thereunder" (*Friends Lbr. v Cornell Dev. Corp., supra* at 888 [internal quotation marks and citation omitted]). Moreover, no written contract exists which would support defendants' claims.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.