■ SECURITY MUTUAL LIFE INSURANCE COMPANY, Respondent, v MEMBER SERVICES, INC., et al., Appellants. [848 NYS2d 389]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered December 13, 2006 in Broome County, which granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from the judgment entered thereon.

Plaintiff, a life insurance company, entered into an agreement with defendants, Member Services, Inc. (hereinafter MSI) (an insurance agency) and Roger D. Banks (MSI's owner), regarding the marketing and sale of insurance. The basic terms of the agreement—set forth in a letter of intent in January 2003 and a letter agreement signed by the parties in February 2003—included several "advance[s]" of funds from plaintiff to MSI to be backed by promissory notes from defendants with repayment to begin in approximately eight months. A series of such advances, totaling $334,400, were made between January 2003 and May 2003 and each was backed by a separate promissory note executed by defendants and set forth a schedule of payments as well as a waiver of the right to interpose any setoff or counterclaim. The business relationship deteriorated and, as the payments came due on the notes, defendants made no payments.

Thereafter, plaintiff commenced this action for money due under the promissory notes by serving a motion for summary judgment in lieu of a complaint pursuant to CPLR 3213. Arguments asserted by defendants in opposition thereto included that the parties had embarked on a joint venture and under the terms thereof the funds were intended as advances to be repaid out of future commissions. Defendants also alleged fraudulent conduct by plaintiff aimed at stealing defendants' trade secrets and commenced an action against plaintiff in federal court. Supreme Court granted plaintiff's motion. Defendants appeal.

Plaintiff established a prima facie case by producing the promissory notes that were signed by defendants and showing that defendants were in default under the terms of the notes (*see Newcourt Small Bus. Lending Corp. v Grillers Casual Dining Group*, 284 AD2d 681, 683 [2001]; *Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]). As such, plaintiff is entitled to summary judgment "unless defendants can 'prove the existence of a triable issue of fact in the form of a bona fide defense against the note' " (*Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp.*, 43 AD3d 606, 607 [2007], quoting *Couch White v Kelly*, 286 AD2d 526, 527 [2001]). Defendants' contention that the amounts paid to them were advances to be repaid out of commissions is not set forth in any writing between the parties. Such contention is inconsistent with the terms of the promissory notes, which set forth specific payment schedules. Also, while the notes permit plaintiff to take an offset from commissions when the notes are not paid, the language granting such action expressly provides that this in no way limits plaintiff's other rights under the notes (*see Scuderi v Aiello*, 300 AD2d 1107, 1107-1108 [2002]). Defendants' assertion that the payments were capital contributions to a joint venture and not loans is not supported by the language of the notes or the parties' written agreement and, accordingly, does not provide a ground to avoid judgment (*see J.L.B. Equities v Mind Over Money*, 261 AD2d 510, 511 [1999]).

Defendants' various other allegations regarding plaintiff involve "issues which are separate and severable from plaintiff's claim under the notes and do not serve to defeat CPLR 3213 summary judgment treatment" (*Mitsubishi Trust & Banking Corp. v Housing Servs. Assoc.*, 227 AD2d 305, 306 [1996]; *see Judarl v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]).

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are affirmed, with costs.