PETER R. KEHOE, Appellant, v ELDA ABATE et al., Respondents. [879 NYS2d 255]—

Stein, J. Appeal from an order of the Supreme Court (Platkin, J.), entered October 31, 2007 in Rensselaer County, which denied plaintiff's motion for summary judgment in lieu of complaint.

Plaintiff commenced this action pursuant to CPLR 3213 to recover moneys allegedly due pursuant to a note executed by defendants, Elda Abate and Mario Abate, in connection with the sale of real property in the City of Troy, Rensselaer County from plaintiff to defendant Elda Abate. Plaintiff alleged that defendants made a number of payments on the note but eventually defaulted, prompting him to commence this action.

In opposition to plaintiff's summary judgment motion, defendants submitted the affidavit of Elda Abate in which she alleged, among other things, that plaintiff (an attorney) had represented defendants in the past and that she believed he was still representing them at the closing at which the note in question was signed. She also alleged that English is not her native language, that she does not understand legal terminology and that she merely signed whatever documents plaintiff requested in reliance on plaintiff's representation and expertise. Plaintiff denies that he represented defendants at the closing. Steven Farer, defendants' attorney in this action—who represented the mortgage lender at that closing—submitted an affirmation in which he averred that plaintiff had advised him that plaintiff was representing himself and defendants in the real estate transaction. Farer also submitted copies of documents and correspondence received from plaintiff to corroborate that assertion.[1] Plaintiff responded by submitting an "Acknowledgment

---

1. As Farer asserts that he is a witness to what is clearly a significant issue in this matter, his attention and Supreme Court's attention are directed to Rules of Professional Conduct rule 3.7 (a) (22 NYCRR 1200.29) (eff Apr. 1, 2009) (formerly Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]).

of Nonrepresentation" executed by Elda Abate[2] on the date of the closing, which recited that plaintiff had advised her that he did not represent her and that she had "chosen not to retain an attorney to represent her interests."

Supreme Court determined that defendants had raised a question of fact as to a bona fide defense to plaintiff's claim—specifically, whether plaintiff served as defendants' attorney in the underlying real estate transaction, causing them to rely on his representations and the attorney-client relationship in executing the note, as well as the document purporting to indicate that Elda Abate was representing herself. As such, the court denied plaintiff's motion and deemed the parties' papers the complaint and answer. Plaintiff appeals, challenging only the denial of summary judgment as to Mario Abate. We affirm.

To prevail on his motion for summary judgment in lieu of complaint based on a promissory note, plaintiff was required to present evidence that defendants executed the note and defaulted thereon (*see Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d 799, 800 [2006]; *Couch White v Kelly*, 286 AD2d 526, 527 [2001]; *see also Hirsh v Brunenkant*, 51 AD3d 1258, 1259 [2008]). Here, in addition to his affidavit, plaintiff proffered a copy of the note bearing defendants' signatures and other documents purporting to show amounts due and payments made thereon. Supreme Court properly determined that plaintiff established his prima facie entitlement to summary judgment, thus shifting the burden to defendants to raise a triable issue of fact as to a bona fide defense concerning the note (*see Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]; *Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d at 801).

Defendants' opposition to the motion consisted of the affidavit of Elda Abate and Farer's affirmations, with exhibits. Plaintiff argues that, inasmuch as he established his prima facie entitlement to summary judgment and Mario Abate failed to submit any opposition to the motion, he was entitled to judgment against Mario Abate. We disagree. In our view, where, as here, the promissory note (signed by both defendants) is "inextricably intertwined" with the underlying real estate transaction (involving only Elda Abate), the sworn statements of Elda Abate and Farer, together with the documents evidencing plaintiff's alleged representation of defendants and their reliance thereon—which, if proven, could undermine the underlying transaction—are sufficient to present a triable issue

---

**2.** Notably, this document was not signed by Mario Abate.

of fact effectively defeating the motion as to both defendants (*see Couch White v Kelly*, 286 AD2d at 528; *Ingalsbe v Mueller*, 257 AD2d 894, 895 [1999]). Thus, we find no error in Supreme Court's denial of plaintiff's motion as to Mario Abate.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.