BANK OF AMERICA, N.A., as Successor by Merger to FLEET NATIONAL BANK, Respondent, v LANG INDUSTRIES, INC., Doing Business as ROTO-ROOTER SEWER & DRAIN, et al., Appellants. [8 NYS3d 684]—

McCarthy, J. Appeal from an order of the Supreme Court (Schick, J.), entered September 27, 2013 in Sullivan County, which, among other things, granted plaintiff's motion for summary judgment.

Defendant Lang Industries, Inc. entered into a commercial loan agreement with plaintiff. The remaining defendants guaranteed the loan. The loan was for $125,000 in principal with a 9.41% interest rate, to be paid in 120 monthly installments, 119 of which were to be in the amount of $1,298.50, with "a final installment of all remaining principal plus all accrued and unpaid interest." Defendants made all the payments on the loan except for the last one, which called for a payment of $62,976.28.

Plaintiff commenced this action to recover, among other things, the outstanding principal, interest and fees associated with this loan. Defendants counterclaimed, asserting, among other things, that plaintiff fraudulently induced them into entering the loan agreement. Plaintiff moved for summary judgment. Supreme Court granted the motion, struck defendants' answer and dismissed the counterclaims. Defendants appeal.

Supreme Court did not err in granting plaintiff's motion for summary judgment. Plaintiff met its initial burden by submitting the loan documents, defendants' payment history and an amortization table, which collectively established that the parties entered into a loan agreement, plaintiff provided defendants with the money and defendants failed to fully repay according to the terms of the loan agreement despite a demand for such payment (*see Hirsh v Brunenkant*, 51 AD3d 1258, 1259-1260 [2008]; *Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]). The burden then shifted to defendants to raise a triable issue of fact (*see Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp.*, 43 AD3d 606, 607 [2007]).

Defendants submitted defendant Edward Lang's affidavit and deposition excerpts, wherein he asserts that the contract was ambiguous, he was led to believe that the agreement would

not contain a balloon payment at the end and he would not have signed the agreement had he understood that it contained a large final payment. Although neither the agreement nor the promissory note contain the words "balloon payment," the contract is not ambiguous. While the record may contain a question of fact as to whether plaintiff provided defendants with the amortization table at the time that defendants signed the loan documents, that fact is irrelevant because defendants could have calculated the payments—including the final payment amount—using the information contained in the loan documents. Defendants admit that they made no effort to do so, and instead assumed or understood from conversations with a bank employee that the loan would be fully paid after 10 years if the monthly payments were made, without any balloon payment. Despite defendants' assertion of this understanding, "[w]here a written agreement is complete, clear and unambiguous on its face, parol evidence may not be considered to suggest an unstated or misstated intention or to otherwise create an ambiguity" (*Wiggins v Kopko*, 94 AD3d 1268, 1269 [2012]; *see Marine Midland Bank v Kenney Plumbing*, 125 AD2d 969, 969 [1986]).

Defendants assert that they were fraudulently induced to take the loan because a bank employee was aware that they did not want a balloon payment and failed to inform them that the loan included such a payment. "Evidence of [an] alleged oral agreement as proof of fraud in the inducement is not barred by the parol evidence rule" (*Harris v Hallberg*, 36 AD3d 857, 859 [2007] [citation omitted]). In his affidavit and deposition testimony, Lang averred that he specifically told the employee that he wanted a loan that would be paid in full after 10 years of monthly payments and the employee never informed him of the balloon payment. When specifically asked whether the employee affirmatively stated that the loan did not include a balloon payment at the end, Lang testified that, to the best of his knowledge, the employee agreed with Lang and offered terms under the conditions as understood by Lang. Despite being a business owner who had taken millions of dollars worth of loans, Lang testified that he never attempted to calculate the interest and payments on his own and assumed that the loan would be fully paid based on the regular monthly payments alone. Defendants' only evidence to support their claim of fraudulent inducement is conclusory and self-serving allegations that the employee was aware of defendants' desire not to have a balloon payment and may have stated that there was no such payment (*see Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp.*, 43 AD3d at 607). Even if these as-

sertions were not conclusory, defendants could not have justifiably relied upon the alleged statements by the bank employee, as these assertions are contradicted by the face of the unambiguous loan documents (*see Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d at 1078; *West v Szwalla*, 234 AD2d 638, 638-639 [1996]; *compare Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1039 [2009]). Considering that Lang was a business owner involved in this arm's length transaction and defendants did nothing to ascertain the full payment terms from those documents, Supreme Court did not err in finding no triable issue of fact regarding fraudulent inducement (*see Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 887 [1997]; *Nestler v Whiteside*, 162 AD2d 845, 847-848 [1990]). Thus, the court properly granted summary judgment to plaintiff.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, with costs.