*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015                    521081
_____

CREATIVE CULINARY CONCEPTS,
    LLC, et al.,
                        Appellants,

        v                                    MEMORANDUM AND ORDER

SAM GRECO CONSTRUCTION, INC.,
                        Respondent.
_____


Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                        _____


        Linnan & Fallon, LLP, Albany (James D. Linnan of counsel),
for appellants.

        Harris Beach, PLLC, Albany (Mark J. McCarthy of counsel),
for respondent.


                        _____


Lynch, J.

        Appeals (1) from an order of the Supreme Court (O'Connor,
J.), entered July 28, 2014 in Albany County, which granted
defendant's motion for summary judgment dismissing the complaint
and for judgment on its counterclaims, and (2) from the judgment
entered thereon.

        In January 2009, plaintiff Creative Culinary Concepts, LLC
entered into an agreement with defendant to provide certain
construction services related to the opening of Creative's
restaurant.  Two additional agreements were executed in March
2009 to add certain customized work.  The restaurant opened at
the end of April 2009, with a total cost of construction of
$382,423.  In September 2009, defendant and Creative entered into

an agreement (hereinafter the promissory note) wherein it was agreed that the unpaid balance due of $302,573 would be paid through, among other things, 24 monthly installment payments. The promissory note (and a subsequent modification) was personally guaranteed by plaintiff James Linnan, a member of Creative and its lawyer. After Creative failed to make the required monthly payments, defendant demanded payment of the remaining balance in full. In October 2011, plaintiffs commenced this action asserting claims of negligence, breach of contract and breach of warranty relative to the work performed at the restaurant. Plaintiffs also alleged that defendant fraudulently induced Linnan to sign the promissory note and personally guarantee Creative's debt to defendant. Defendant asserted two counterclaims, one to recover the outstanding debt pursuant to the promissory note and the second seeking counsel fees. Defendant then moved for summary judgment dismissing the complaint and for judgment on its counterclaims. Supreme Court granted defendant's motion in its entirety and a judgment in its favor was thereafter entered. Plaintiffs now appeal.

We agree with Supreme Court's finding that defendant demonstrated prima facie entitlement to summary judgment on its counterclaims through the undisputed evidence of the executed promissory note and guarantee, as well as plaintiffs' default in payment (see Waehner v Northwest Bay Partners, Ltd., 30 AD3d 799, 800-801 [2006]; Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886, 887 [1997]). Consequently, the court properly shifted the burden to plaintiffs to demonstrate "the existence of a triable issue of fact with respect to a bona fide defense" (Friends Lbr. v Cornell Dev. Corp., 243 AD2d at 887; accord Mastro v Carroll, 296 AD2d 802, 802 [2002]). To this end, plaintiffs asserted that the promissory note was not supported by consideration and that the promissory note and guarantee were induced by defendant's fraudulent promises to repair or replace defective work.

Generally, lack of consideration (see Samet v Binson, 122 AD3d 710, 711 [2014]) and fraud in the inducement (see Newcourt Small Bus. Lending Corp. v Grillers Casual Dining Group, 284 AD2d 681, 683 [2001]) may be bona fide defenses to a promissory note. Here, however, plaintiffs failed to demonstrate the existence of either defense. First, plaintiffs' wholly conclusory claim that

defendant represented that it would make certain repairs is without record support.  Moreover, it is belied by the terms of the note, drafted by Linnan, which expressly states that defendant "successfully and satisfactorily completed [the] construction project in a timely manner to [plaintiffs'] satisfaction" (see Security Mut. Life Ins. Co. v Member Servs., Inc., 46 AD3d 1077, 1078 [2007]; Friends Lbr. v Cornell Dev. Corp., 243 AD2d at 887-888).  Second, because it is apparent from its terms that the consideration for the note and guarantee was an extension and restructuring of plaintiffs' antecedent obligation to defendant, there are no factual questions with regard to plaintiffs' lack of consideration defense (see Mills v Chauvin, 103 AD3d 1041, 1049-1050 [2013]; Friends Lbr. v Cornell Dev. Corp., 243 AD2d at 887-888).

Finally, the promissory note expressly provided that in the event of plaintiffs' default, defendant would be entitled to counsel fees.  We discern no abuse of discretion and, therefore, decline to disturb Supreme Court's award of counsel fees (see Harris Bay Yacht Club v Harris, 230 AD2d 931, 934 [1996]).

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court