■ In the Matter of the Dissolution of J & J PERLMAN'S, INC. JOHN SWEETER, Appellant; JOHN GREEN, Respondent. (Proceeding No. 1.) In the Matter of the Arbitration between JOHN SWEETER, Appellant, and JOHN GREEN, Respondent. (Proceeding No. 2.) — Appeal from an order of the Supreme Court at Special Term, entered March 18, 1980 in Rensselaer County, which, *inter alia,* dismissed the petition in Proceeding No. 1 for dissolution of J & J Perlman's, Inc., and denied a motion by petitioner to stay arbitration in Proceeding No. 2. In December of 1979, petitioner, John Sweeter, and respondent, John Green, entered into a partnership agreement under the partnership name of "Perlman's Service Station". Article 16 of the

agreement states that "disputes arising under this agreement, *or under any instrument made to carry out the terms of this agreement* shall be submitted to arbitration in accordance with the arbitration laws of the State of New York" (emphasis added). In an effort to secure financing for the acquisition of real and personal property for the operation of the service station, the parties formed a corporation, viz., J & J Perlman's, Inc. On February 16, 1978, the corporation purchased Perlman's Shell Station from Anne Perlman Daffner. On that same day, the parties also entered into yet another arbitration agreement which provided "that disputes arising between members of the Board of Directors which result in a deadlock or inability to act, shall be submitted to arbitration". After the acquisition of the service station, differences arose between the parties in the conduct of their business affairs. Petitioner attempted to withdraw from the partnership on September 25, 1979. However, later that day petitioner mailed respondent a notice of a special meeting to be held to elect a board of directors for J & J Perlman's Inc. At the shareholders' meeting on October 10, 1979, no directors were elected and a deadlock was declared. As a result, respondent served a notice of intention to arbitrate in order to resolve the controversy concerning the election of the directors. Petitioner then commenced two proceedings which are the subject of this appeal. The first proceeding was a petition for the dissolution of J & J Perlman's, Inc., pursuant to section 1104 of the Business Corporation Law. The second proceeding sought to stay the arbitration commenced by respondent. Special Term dismissed the proceeding for dissolution and denied petitioner's application for a stay of arbitration. This appeal ensued. Petitioner contends that the court erred in directing arbitration because the partnership had been dissolved and the arbitration clause within the partnership agreement was, therefore, ineffective. Petitioner further argues that the agreement of February 16, 1978 limited the arbitrable issues of the corporation to disputes between board members. We disagree. While there is some evidence that petitioner attempted to withdraw from the partnership, we are not convinced that the broad arbitration clause contained within that agreement was rendered ineffective. It is well settled "that subsequent acts or documents purporting or claimed to terminate an agreement containing a broad arbitration clause, if in dispute, raise issues for the arbitrators and not for the court" *(Matter of Stein-Tex [Ide Mfg. Co.],* 9 AD2d 288, 289, mot for lv to app den 7 NY2d 711; see, also, *Matter of Schlaifer v Sedlow,* 51 NY2d 181). Thus, in the instant case, the effect of petitioner's acts to terminate the partnership agreement containing the broad arbitration clause presents issues which should be submitted to arbitration. Next, the mere fact that the parties' disputes involve a separate corporate entity does not militate against arbitration *(Matter of Siegel v 141 Bowery Corp.,* 51 AD2d 209). By the terms of the partnership agreement the parties agreed to submit to arbitration any disputes within the partnership or "under any instrument made to carry out the terms of [the] agreement." Clearly, J & J Perlman's, Inc., was an instrument through which the parties carried on the service station business. Moreover, assuming, *arguendo,* that the agreement of February 16, 1978 limited the arbitrable issues of the corporation to disputes between board members, the lack of a specific arbitration clause does not preclude arbitration where, as here, the over-all intention of the parties was to resolve any disputes concerning the service station business by arbitration *(Matter of Siegel v 141 Bowery Corp., supra,* p 213). Finally, since we cannot predict the outcome of the ordered arbitration, we are of the view that the petition for corporate dissolution should be stayed rather than dismissed. Order

modified, on the law and the facts, by reversing so much thereof as dismissed the petition for dissolution of the corporation and by adding thereto a provision staying the dissolution proceeding pending the outcome of the ordered arbitration, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.