DH Cattle Holdings Company, Appellant, v Kevin S. Kuntz, Respondent.

Third Department, April 11, 1991

APPEARANCES OF COUNSEL

*Ferber Greilsheimer Chan & Essner (Robert N. Chan* and *Robert M. Kaplan* of counsel), for appellant.

*Raymond G. Kuntz, P. C. (Raymond G. Kuntz* and *Mario L. Spagnuolo* of counsel), for respondent.

OPINION OF THE COURT

CREW III, J.

In December 1982 defendant entered into a series of agreements as part of a tax shelter for the 1982 tax year. These agreements included an embryo recovery and transfer agreement, a dairy cattle purchase offer agreement, a dairy cattle maintenance agreement, a security agreement and a promissory note for $25,000 which is the subject of this lawsuit. By the terms of the note, drawn to Dreamstreet Holsteins, Inc. (hereinafter Dreamstreet), defendant promised to pay $25,000, $5,000 upon execution of the note and the balance on December 31, 1986 with interest at the rate of 12% per annum. Dreamstreet endorsed the note to the order of European American Bank as collateral for a loan by that bank to Dreamstreet. Thereafter, as part of a debt restructuring plan, European American Bank endorsed the note in blank and it was delivered with other securities to Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. (hereinafter Rabobank) on July 18, 1985 as security for a multimillion dollar loan to a Dreamstreet affiliate. On September 30, 1988 Rabobank assigned its interest in the note to plaintiff, its wholly owned subsidiary, and on February 9, 1990 plaintiff commenced this action seeking summary judgment in lieu of complaint. Supreme Court denied the motion and this appeal ensued.

Defendant's note is a clear, unambiguous and unconditional promise to pay a specified sum on a specified date and is

clearly an instrument for the payment of money only within the meaning of CPLR 3213. Defendant's references to the other agreements between himself and Dreamstreet do not qualify or alter his obligation to pay on the note, nor do the references in the note to those agreements *(see, Gittleson v Dempster,* 148 AD2d 578, 579, *lv denied* 74 NY2d 603). Plaintiff is entitled to summary judgment when it proves that it is the holder of the instrument, that defendant is in default and defendant fails to submit evidentiary facts demonstrating triable issues with respect to a bona fide defense *(Spielman v Acme Natl. Sales Co.,* 159 AD2d 918). Defendant has failed to demonstrate triable issues of fact with respect to a bona fide defense. His conclusory assertion of fraud, and his assertions that it was never intended that he make an additional payment on the note and that the note was to be satisfied from the sale of cattle according to his dairy cattle purchase offer agreement with Dreamstreet, are insufficient to defeat his obligation to pay on the note *(see,* UCC 3-104 [1]; 3-119 [2]; *see also, Gittleson v Dempster, supra).*

Assuming, arguendo, that defendant has alleged facts of an evidentiary nature which raise triable issues as to a defense, they are unavailing to defendant because plaintiff has demonstrated that it is a holder in due course and, as such, is not subject to those defenses *(see,* UCC 3-307 [3]; *First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 444). Defendant correctly contends that plaintiff is not a holder in due course in its own right because it took the note subsequent to its maturity date *(see,* UCC 3-302 [1] [c]; 3-304 [3]; *see also, Chemical Bank v Haskell,* 51 NY2d 85, 92). However, if Rabobank enjoys the status of holder in due course, so does plaintiff as its assignee *(see,* UCC 3-201). In order for Rabobank to be a holder in due course, it must have taken the instrument for value, in good faith and without notice that it was overdue or subject to a defense (UCC 3-302 [1]). The record is clear that Rabobank took the note for value and our inquiry becomes whether plaintiff has presented evidence sufficient to demonstrate that Rabobank took the note in good faith and without notice of a defense.

In determining whether Rabobank took the instrument in good faith, the inquiry is whether it "actually knew" of a defense or of facts giving rise to a defense so that its action in taking the instrument amounted to bad faith *(Chemical Bank v Haskell, supra).* Roger Barr, a vice-president of Rabobank, averred in a supporting affidavit that the bank took defen-

dant's note in good faith and without knowledge of any defenses. The Court of Appeals in *Chemical Bank v Haskell, (supra)*, has held that such a statement is sufficient to demonstrate that a holder took without notice of a defense. Defendant urges that Rabobank should have undertaken an investigation concerning the circumstances giving rise to the execution of the note and had it done so it would have discerned that defendant claimed to have a fraud defense. However, it is clear that a holder is under no duty to investigate the status of a contract underlying a note even when there exists suspicious circumstances which might induce a prudent banker to do so *(supra,* at 93). Accordingly, we determine that Rabobank was a holder in due course and plaintiff, as its assignee, enjoyed the same status. Under the circumstances, summary judgment should have been granted to plaintiff.

MAHONEY, P. J., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.