■ RICHARD CORVETTI, Respondent, v PAUL S. HUDSON, Appellant. [676 NYS2d 263] —Mercure, J. Appeals (1) from an order of the Supreme Court (Harris, J.), entered November 10, 1997 in Albany County, which granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from the judgment entered thereon.

On this motion for summary judgment in lieu of complaint, plaintiff seeks to recover on defendant's guarantee of a $200,000 note dated January 20, 1994 given to plaintiff by Kent & Haroldsen Associates, Inc. (hereinafter Kent), a close

---

corporation owned by defendant. We conclude that Supreme Court did not err in granting plaintiff's motion and directing the entry of judgment in favor of plaintiff for the balance of the note, interest and counsel fees. We accordingly affirm.

Initially, we are unpersuaded that the January 19, 1994 guarantee agreement failed to satisfy the statutory requirement of "an instrument for the payment of money only" (CPLR 3213; *see, Weissman v Sinorm Deli*, 88 NY2d 437, 444; *Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 155). By the terms of the instrument, defendant "absolutely and unconditionally" guaranteed payment of Kent's obligation to plaintiff and waived any and all defenses that he or Kent may have and also waived "notice, presentation or demand of any kind". The fact that the guarantee also extended to other obligations, some of which may have been contingent or unascertainable, did not alter the fact that Kent's obligation under the January 1994 promissory note was fixed and ascertainable. In our view, the written guarantee, together with additional evidence of the $200,000 balance outstanding, satisfied plaintiff's burden of coming forward with prima facie evidence of the instrument and a default thereunder (*see, Weissman v Sinorm Deli, supra*, at 444; *Interman Indus. Prods. v R.S.M. Electron Power, supra*, at 155).

It is our further view that defendant failed to counter plaintiff's showing with competent evidence of payment. The fact that plaintiff could have resorted to other means of satisfying Kent's obligation under the promissory note is irrelevant to the present inquiry. Under the express terms of the guarantee, plaintiff was not required to "enforce any remedies against [Kent]" or "seek to enforce or resort to any remedies with respect to any security interest, lien or encumbrance". We are also unpersuaded that plaintiff's alleged breach of a separate agreement for management of rental properties at 178-180 Washington Avenue in the City of Albany justified denial of plaintiff's motion. An "alleged breach of a related but independent contract" will defeat a motion for summary judgment in lieu of complaint only where the instrument and the contract are sufficiently intertwined (*Eurotech Dev. v Adirondack Pennysaver*, 224 AD2d 738, 739; *see, A + Assocs. v Naughter*, 236 AD2d 655). On this record, we perceive no such intertwining.

As a final matter, we reject the claim that the underlying obligation was usurious. Significantly, it does not constitute usury to assess a penalty exceeding the legal rate following the maturity of the obligation so long as the debtor may avoid penalties by making timely payments, as is the case here (*see,*

*Giventer v Arnow*, 37 NY2d 305, 308; *Bloom v Trepmal Constr. Corp.*, 29 AD2d 951, *affd* 23 NY2d 730).

Defendant's remaining contentions have been considered and found to be also unavailing.

Mikoll, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.