■ CONECO CORPORATION, Appellant, v ATLANTIC ENERGY SERVICES, INC., Respondent. [704 NYS2d 732] —Carpinello, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September 10, 1999 in Albany County, which denied plaintiff's motion for summary judgment in lieu of complaint.

On this motion for summary judgment in lieu of complaint, plaintiff seeks to recover $102,220, plus interest, from defendant pursuant to a one-page written agreement between the parties entitled "Settlement Terms." By this document, defendant agreed to pay plaintiff *"exactly* $302,220.00" (emphasis supplied) to reimburse it for engineering fees incurred on a local school construction project. Said reimbursement was to be made in four installments of $100,000, $50,000, $50,000 and $102,220, to be paid on October 2, 1998, October 8, 1998, November 30, 1998 and December 15, 1998, respectively. Defendant's failure to make the final payment prompted the instant action. Notably, the agreement also stated that: "With the exception of the first payment, the *timing* of which is firm, the payment dates are estimates and are based on estimated project progress which will determine when the customer approves payment and [defendant], in turn, receives payment from the project financier. *However, in no circumstance shall the timing* of the second and third scheduled payments deviate later than 30 days after the current estimated payment date. Moreover, the final scheduled payment *shall, in no circumstance, deviate later than 45 days after the current estimated payment date. That is, by the end of the day on January 30, 1999, [defendant] will have submitted to [plaintiff] full payment of the aforementioned $302,220"* (emphasis supplied). Finding the above passage ambiguous, Supreme Court denied plaintiff's motion. We now reverse.

As an initial matter, we find that the written agreement between the parties was indeed an "instrument for the payment of money only" within CPLR 3213 such that this summary remedy was available to plaintiff (*see, Weissman v Sinorm Deli,* 88 NY2d 437, 444; *Interman Indus. Prods.. v R. S. M. Electron Power,* 37 NY2d 151, 155; *compare, Diversified Investors Corp. v DiversiFax, Inc.,* 239 AD2d 231, 233, *lv dismissed* 90 NY2d 935; *Torres & Leonard v Select Professional Realties,* 118 AD2d 467). Moreover, we find that the agreement contains "a clear, *unambiguous* and unconditional promise to pay a specified sum on a specified date" (*DH Cattle Holdings Co. v Kuntz,* 165 AD2d 568, 569 [emphasis supplied]). Specifically, the language outlined in the above-cited passage unambiguously obligated defendant to pay a sum certain, namely, $302,220, within a specified period of time, namely, by January 30, 1999.

Proof of the agreement, which was signed by defendant's president, together with proof that the final payment was never made satisfied plaintiff's burden of coming forward with prima facie evidence of the instrument and a default thereunder (*see,*

*Corvetti v Hudson*, 252 AD2d 787, 788; *Judarl, L. L. C. v Cycletech, Inc.*, 246 AD2d 736, 737). Defendant, in turn, failed to come forward with evidentiary proof demonstrating the existence of a triable issue of fact with respect to a bona fide defense (*see*, *Judarl L. L. C. v Cycletech, Inc., supra*). The assertion of defendant's president that its obligation to pay was conditional is belied by the unambiguous language in the agreement. To this end, we note that the issue of whether a contract is ambiguous is in the first instance an issue of law within the province of the court (*see*, *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747). The only "conditions" attached to defendant's obligation to pay related to the *timing* of the four installments and even these "conditions" were limited such that "in no circumstance" would the last payment be made later than January 30, 1999. Supreme Court therefore erred in denying plaintiff's motion.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiff.