■ ANTHONY L. CARDARELLI, Respondent, v SCODEK CONSTRUCTION CORPORATION et al., Appellants. [758 NYS2d 188] —Crew III, J. Appeal from an order of the Supreme Court (Leaman, J.), entered January 10, 2001 in Ulster County, which, inter alia, partially granted plaintiff's motion for summary judgment.

Between January 1993 and May 1993, Martin Monaco, then vice-president of defendant Scodek Construction Corporation, advanced certain moneys to the financially troubled corporation. In response, defendant William Decker, Scodek's president, executed two promissory notes in favor of Monaco—one dated January 26, 1993 in the amount of $25,000 and one dated May 5, 1993 in the amount of $47,000. Decker personally guaranteed the payment of both notes.

Monaco thereafter experienced personal financial difficulties and obtained a loan from plaintiff in the amount of $24,500. Apparently lacking the funds to repay that loan, Monaco assigned the foregoing promissory notes to plaintiff in March 1994 and thereafter filed for bankruptcy at some point in 1996. In the interim, in or about December 1995, Scodek went out of business, apparently having failed to repay the indebtedness to Monaco.

Plaintiff thereafter brought this action upon the notes in September 1996. Defendants answered and asserted a counterclaim contending, inter alia, that the notes were unenforceable because Decker had executed a special guarantee that could not be enforced by plaintiff as a transferee and, further, that the assignment of the notes violated Judiciary Law § 489. Ultimately, plaintiff moved for summary judgment and defendants cross-moved for similar relief. Supreme Court, among other things, granted plaintiff partial summary judgment on the issue of liability, prompting this appeal by defendants.

We affirm. Initially, we reject defendants' contention that a question of fact exists regarding whether Decker's personal guarantee of the promissory notes was a special guarantee operating only in favor of Monaco (*see Evansville Natl. Bank v Kaufmann*, 93 NY 273, 276-277 [1883]). As a general rule, a guarantee is assignable absent express language in the document to the contrary (*see WHCS Real Estate Ltd. Partnership v 1610 O.C.R. Operating*, 232 AD2d 548 [1996], *lv dismissed* 91 NY2d 849 [1997]). Here, the subject guarantees provided as follows: "I, BILL DECKER, a shareholder of Scodek Construction Corporation, do hereby personally guarantee this indebtedness." Defendants argue that the phrase "this indebtedness," coupled with Decker's personal relationship with Monaco (as allegedly exemplified by Decker's decision to sign the notes and guarantees as "Bill Decker" as opposed to "William Decker"), evidences defendants' intent that the guarantees operate only in favor of Monaco. In our view, defendants' strained interpretation of the quoted language cannot withstand scrutiny. Simply stated, there is nothing on the face of the promissory notes that expressly limits the scope of Decker's guarantee.

Defendants next assert that Supreme Court erred in concluding that Monaco was a holder in due course and, further, that as Monaco's assignee, plaintiff enjoyed the same rights and privileges. Again, we cannot agree. A holder in due course is one who takes an instrument for value, in good faith and without notice that the instrument is overdue, has been dishonored or is subject to any claim or defense against it (*see Chemical Bank of Rochester v Haskell*, 51 NY2d 85, 91 [1980]; *DH Cattle Holdings Co. v Kuntz*, 165 AD2d 568, 570 [1991]; *see also* UCC 3-302 [1]). In this regard, mere suspicion of a defect or defense is not sufficient; rather, there must be actual knowledge of a defense or of facts giving rise to a defense such that the taking of the instrument would amount to bad faith (*see Chemical Bank of Rochester v Haskell, supra* at 92; *DH Cattle Holdings Co. v Kuntz, supra* at 570). Although there indeed is an irregularity regarding the due date of the January 1993 note, defendants have, in our view, failed to tender sufficient admissible proof to establish that Monaco took the January 1993 note with actual knowledge that it was overdue.

Finally, we reject defendants' claim that the assignment of the promissory notes violated Judiciary Law § 489 which provides, in relevant part, that "[n]o person * * * engaged directly or indirectly in the business of collection and adjustment of claims * * * shall solicit, buy or take an assignment of

* * * a * * * promissory note * * * with the intent and for the purpose of bringing an action or proceeding thereon." Assuming, without deciding, that Monaco indeed assigned the notes to plaintiff in an effort to "pass off" the notes before filing for bankruptcy, defendants nonetheless have failed to establish that plaintiff was in the business of the collection and adjustment of claims. Absent such a showing, plaintiff cannot violate Judiciary Law § 489 (*see Traktman v City of New York*, 182 AD2d 814, 815 [1992]). Defendants' remaining contentions, including their assertion that the assignment violated UCC article 9, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.