■ RONALD G. SMITH, Respondent, v SHIELDS SALES CORPORATION et al., Appellants. [802 NYS2d 764]—

Spain, J. Appeal from an order of the Supreme Court (Hummel, J.), entered December 15, 2004 in Rensselaer County, which granted plaintiff's motion for summary judgment in lieu of complaint.

Defendant Shields Sales Corporation and plaintiff entered into a stock redemption agreement dated November 2, 2000, pursuant to which plaintiff sold a number of shares of Shields common stock back to the company. To satisfy a portion of the purchase price, Shields gave plaintiff a promissory note for $270,000, guaranteed by defendant David Bushnell in a sepa-

rate written guaranty. Plaintiff and Shields executed a contemporaneous noncompete agreement and, as consideration for the noncompete agreement, Shields gave plaintiff a second promissory note for $30,000, guaranteed by Bushnell in the same guaranty document.

After Shields defaulted on the payments due under the notes, plaintiff made a successful motion for summary judgment in lieu of filing a complaint (*see* CPLR 3213) for the money owed, and was granted judgment in the amount of $184,806.25 plus interest. Defendants appeal, arguing that, pursuant to the parties' agreement, the matter should have been subject to arbitration and, alternatively, that Supreme Court erred in characterizing the notes and guaranty sued upon as instruments for the payment of money only. We now affirm.

Defendants rely on an arbitration clause found in the stock redemption agreement, which provides that any dispute "arising out of or in connection with this Agreement, or the breach thereof, shall be determined and settled by arbitration." In contrast, both the stock redemption agreement and the noncompete agreement specifically provide that the parties may pursue an action in Supreme Court in the event the noncompete agreement is breached. Further, the language of the guaranty executed with the notes specifically states: "Guarantor hereby agrees and acknowledges that this Guaranty is an instrument for the payment of money, and hereby consents that Lender, at its sole option, in the event of a default by Guarantor in the payment of any of the moneys due hereunder, shall have the right to bring a motion-action under New York CPLR Section 3213 or any successor provisions." Although Supreme Court correctly noted that, for purposes of interpreting contemporaneous agreements which are part of the same transaction, the instruments should be read together (*see Flemington Natl. Bank & Trust Co. [N.A.] v Domler Leasing Corp.*, 65 AD2d 29, 32 [1978], *affd* 48 NY2d 678 [1979]), it does not follow, as defendants suggest, that the arbitration clause in the stock redemption agreement applies to all disputes arising out of any of the documents related to this transaction. To the contrary, the express, distinct language in the various documents indicating different avenues of relief demonstrates that the parties intended that the remedy would differ depending on which document was at issue (*cf. Matter of J & J Perlman's, Inc.*, 81 AD2d 686, 687 [1981]). Here, plaintiff moved, pursuant to CPLR 3213, for payment due under the notes and guaranty, as provided by that agreement. Recognizing that the right to arbitrate "is manifestly a matter of contract" (*see Matter of Smith Barney,*

*Harris Upham & Co. v Luckie*, 85 NY2d 193, 201 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 516 US 811 [1995]) subject to the terms chosen by the contracting parties, we find no merit in defendants' contention that arbitration was required under these circumstances.

Next, defendants contend that CPLR 3213 was unavailable to plaintiff because that statute permits service of a motion for summary judgment in lieu of complaint only where the "action is based upon an instrument for the payment of money only" and that the stock redemption agreement required not only the payment of money, but the return of the shares to plaintiff in the event of a default (CPLR 3213). Each of the notes sued upon here, however, is an "unambiguous and unconditional promise to pay a specified sum on a specified date and is clearly an instrument for the payment of money only within the meaning of CPLR 3213" (*DH Cattle Holdings Co. v Kuntz*, 165 AD2d 568, 569-570 [1991]; *see Spielman v Acme Natl. Sales Co. [Del.]*, 159 AD2d 918, 918-919 [1990]). Indeed, "[d]efendant[s'] references to the other agreements between [the parties] do not qualify or alter [their] obligation to pay on the note[s], nor do the references in the note[s] to those agreements" (*DH Cattle Holdings Co. v Kuntz, supra* at 570). Accordingly, plaintiff was entitled to invoke CPLR 3213 to seek redress for defendants' default.

"Plaintiff, having established a prima facie case by proof of the note[s] and default in payment thereon, is entitled to summary judgment in the absence of the submission by defendant[s] of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense" (*Spielman v Acme Natl. Sales Co. [Del.], supra* at 918 [citations omitted]; *see Coneco Corp. v Atlantic Energy Servs.*, 270 AD2d 691, 692-693 [2000]). As defendants did not deny the debt or default and posited no assertions other than those addressed above, Supreme Court properly awarded plaintiff summary judgment.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.