■ J. Jeffrey Craven, Respondent, v John C. Rigas, Appellant. [896 NYS2d 504]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Garry, J.), entered June 30, 2009 in Tompkins County, which, among other things, granted plaintiff's motion for summary judgment in lieu of complaint.

In August 2000, plaintiff sold shares of stock to defendant representing a 25% equity interest in Americell, Inc. As consideration for the stock, defendant paid plaintiff $500,000 cash at the time of the sale and also executed and delivered a promissory note in the principal amount of $850,000. Under the original terms, the note was to become due on August 31, 2004, and the governing law would be that of Pennsylvania. Subsequently, on November 21, 2003, the parties executed an instrument, entitled "First Amendment to Promissory Note," which extended the maturity date of the note until October 31, 2005 as long as defendant paid $200,000 upon execution of the amendment and an additional $200,000 by August 31, 2004.[1] Defendant paid the initial amount, but did not pay the additional $200,000 on August 31, 2004. Although plaintiff extended the date for the second payment until October 31, 2004, defendant only paid $150,000. Defendant made no further payment on the note.

On October 4, 2006, plaintiff sent defendant a letter advising him that the note was due and requesting that defendant inform him of his payment intentions. Defendant did not respond and plaintiff commenced this action in September 2008 by way of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Defendant cross-moved for an order dismissing the action. Supreme Court granted plaintiff's motion, prompting this appeal.

Initially, we do not agree with defendant's contention that plaintiff's action should have been dismissed as time-barred. According to defendant, a cause of action against him accrued on

---

1. Although the payments to plaintiff described in the amended promissory note were referred to as "loans," the parties do not dispute that they constituted payments against the original note.

August 31, 2004,[2] when payment was not made and, therefore, plaintiff's commencement in September 2008 was untimely pursuant to Pennsylvania's four-year statute of limitations (*see* 42 Pa Cons Stat Ann § 5525 [a] [7]). Defendant maintains that Supreme Court erred by ruling that New York's six-year statute of limitations (*see* CPLR 213) controls (*see generally Portfolio Recovery Assoc., LLC v King*, 55 AD3d 1074, 1075 [2008], *lv granted* 12 NY3d 711 [2009]). Regardless of the merit of defendant's argument concerning the applicability of the Pennsylvania statute of limitations period, inasmuch as, for the reasons that follow, we agree with the court's alternative conclusion that plaintiff's action was timely regardless of which relevant statute of limitations is applied, it is unnecessary to determine which limitations period governs herein.

Significantly, by its terms, the note permits plaintiff to declare the balance "immediately due and payable" *only* "[u]pon the occurrence of any Event of Default." An "Event of Default," as relevant herein, is specifically defined in the note as occurring when "there is a default in the payment of principal and/or interest as and when the same is or becomes due hereunder" *and* that "default continues for 10 days after" plaintiff gives notice of same to defendant. Thus, the note distinguishes between when it "shall be due and payable in full"—ostensibly August 31, 2004—and when an event of default occurs. Accordingly, under the specific terms of the note, plaintiff's cause of action did not accrue until 10 days after plaintiff sent notice of the default to defendant in October 2006. Consequently, plaintiff's action was timely even if defendant is correct in contending that the shorter Pennsylvania statute of limitations is applied.

Turning to the merits, contrary to defendant's argument, the promissory note executed by defendant satisfies the prerequisites of CPLR 3213. The note contains an "unambiguous and unconditional promise to pay a specified sum on a specified date and is clearly an instrument for the payment of money only" (*DH Cattle Holdings Co. v Kuntz*, 165 AD2d 568, 569-570 [1991]; *see Smith v Shields Sales Corp.*, 22 AD3d 942, 944 [2005]; *Coneco Corp. v Atlantic Energy Servs.*, 270 AD2d 691, 692 [2000]). Although the note references the underlying stock purchase agreement, the reference serves only to describe the security interest that plaintiff reserved in the stock and does not constitute a situation where proof beyond the note is neces-

---

**2.** Since defendant did not comply with the conditions precedent for extending the note's payment deadline until October 31, 2005, he maintains that the time of his default should be measured from the August 2004 date.

sary. Notably, the reference does not qualify the debt owed to plaintiff under the note (*see Smith v Shields Sales Corp.*, 22 AD3d at 944). Moreover, the evidence of setoffs does not preclude application of CPLR 3213. Plaintiff presented an accurate accounting of the amount due (*see Quest Commercial, LLC v Rovner*, 35 AD3d 576, 577 [2006]), of which there is no genuine dispute.

Finally, we are unconvinced that summary judgment was improperly granted herein. "To prevail on his motion for summary judgment in lieu of complaint based on a promissory note, plaintiff was required to present evidence that defendant[ ] executed the note and defaulted thereon" (*Kehoe v Abate*, 62 AD3d 1178, 1180 [2009] [citations omitted]). Plaintiff presented the duly executed note and it is undisputed that defendant is in default. Thus, plaintiff established a prima facie case and the burden shifted to defendant to raise a triable issue of fact regarding a bona fide defense to liability on the note (*see Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]; *Mastro v Carroll*, 296 AD2d 802, 802 [2002]). This, defendant failed to do. As noted by Supreme Court, defendant's belated questioning of whether, in the early 1990s, plaintiff gave valid consideration for his acquisition of the Americell stock that he eventually sold to defendant in 2000 does not create a factual issue relevant to his liability on the subject note. That transaction is clearly not "intertwined" with the August 2000 stock purchase agreement and promissory note so as to render summary judgment improper (*see Corvetti v Hudson*, 252 AD2d 787, 788 [1998]).

We have examined defendant's remaining arguments and find them to be unpersuasive.

Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.