■ SHAH FOOD INDUSTRIES, INC., et al., Appellants, v CHARLES ALARIO et al., Respondents, et al., Defendants. [917 NYS2d 306]—

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to possession of a letter of credit in the sum of $85,500, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated December 4, 2009, which denied their motion for summary judgment on the complaint, granted the cross motion of the defendants North Fork Bank and Capital One Banking Corp. for summary judgment declaring that the plaintiffs are not entitled to possession of the letter of credit and dismissing the causes of action to re-

cover damages and for injunctive relief insofar as asserted against them, and, upon searching the record, awarded summary judgment dismissing the causes of action to recover damages and for injunctive relief insofar as asserted against the defendants JCA Associates, Ltd., JCA Associates, Inc., JCA Associates of NY, Inc., VNO 100 East 33rd St., LLC, and ManMall, LLC.

Ordered that the order is modified, on the law, by deleting the provisions thereof which, upon searching the record, awarded summary judgment dismissing the causes of action to recover damages and for injunctive relief insofar as asserted against the defendants JCA Associates, Ltd., JCA Associates, Inc., and JCA Associates of NY, Inc.; as so modified, the order is affirmed, with costs to the defendants North Fork Bank and Capital One Banking Corp., payable by the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an interlocutory judgment, inter alia, declaring that the plaintiffs are not entitled to possession of the letter of credit.

At issue in this case is whether the plaintiffs, who purchased a business and a lease to the business premises from JCA Associates, Ltd., also known as JCA Associates, Inc. (hereinafter JCA), also purchased a letter of credit in the sum of $85,500 issued by North Fork Bank, for the benefit of JCA's landlord, as a security deposit for the lease. The plaintiffs paid JCA the sum of $85,506.78 for the letter of credit, which became part of the plaintiffs' security deposit for the lease assigned to them when they purchased the business from JCA. The plaintiffs notified North Fork Bank that they had a "beneficial interest" in the letter of credit. However, the letter of credit was never transferred to them.

A commercial letter of credit transaction involves three separate contractual relationships and undertakings: first, the underlying contract between the bank customer, in this case JCA, and the beneficiary, in this case the landlord; second, the agreement between the issuing bank and its customer, here JCA; and third, the issuance of the letter of credit itself, whereby the issuer agrees to pay the beneficiary or transferee beneficiary in accordance with the terms of the letter of credit (*see First Commercial Bank v Gotham Originals*, 64 NY2d 287, 294 [1985]). The obligations incurred in these three contracts are independent of each other; a dispute over the performance of one contract does not abrogate the parties' obligations under the other contracts (*id.* at 294-295).

The letter of credit at issue here provides that it was subject to the "Uniform Customs and Practice for Documentary Credits

(1993 Revision). International Chamber of Commerce Publication No. 500" (hereinafter UCP), which superseded the provisions of UCC article 5 to the extent that there is a conflict between its provisions and the provisions of UCC article 5 (*see United Bank v Cambridge Sporting Goods Corp.*, 41 NY2d 254, 258 n 2 [1976]). Pursuant to UCC 5-114 (b), a beneficiary may assign its rights to the proceeds of a letter of credit. Similarly, UCP article 48 provides for transfer of a letter of credit by the beneficiary. Further, the requirements set forth in the letter of credit for transfer to another beneficiary must be complied with (*see* UCC 5-112 [b] [2]) and, pursuant to UCP article 48 (C), the issuing bank must consent to the transfer. Here, the plaintiffs claim that the letter of credit was transferred to them by JCA, which was the applicant for the letter of credit (*see* UCC 5-102 [a] [2]), and not the beneficiary. These requirements for proper transfer were not satisfied in this case.

It appears from the record that the plaintiffs are actually seeking control over a certificate of deposit which served as collateral for the letter of credit. When JCA deposited those funds, it signed an agreement pledging the certificate of deposit as collateral for all of its present and future debts. When JCA obtained the letter of credit, it entered into a further agreement with North Fork Bank, reciting that "the Bank does not waive its common law or statutory right of set-off or any other rights generally available to creditors."

Pursuant to JCA's pledge agreement, North Fork Bank and its successor in interest, Capital One Banking Corp. (hereinafter Capital One), claim a superior right of setoff of JCA's obligations under unrelated loans against the certificate of deposit. The plaintiffs claim that they have a superior right to the certificate of deposit, citing cases applicable to the rights of holders in due course (*see Chemical Bank of Rochester v Haskell*, 51 NY2d 85, 92 [1980]; *Cardarelli v Scodek Constr. Corp.*, 304 AD2d 894, 895 [2003]). UCC 3-302 defines a holder in due course as a holder who takes an instrument for value, in good faith, without notice of any claim against it. However, to be a holder in due course of a certificate of deposit, two requirements had to be met: (1) the holder must be in possession of the certificate of deposit, and (2) the certificate of deposit must be indorsed to the holder, or indorsed to the bearer in blank (*see National Bank of N. Am. v Flushing Natl. Bank*, 72 AD2d 538 [1979], citing UCC 1-201 [20]; *see also Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153 [1989]). In this case, it is undisputed that Capital One—not the plaintiffs—was in possession of the certificate of deposit, which was still in the name of JCA.

Therefore, the plaintiffs cannot be considered holders in due course.

In view of the foregoing, North Fork Bank and Capital One, as issuers of the letter of credit, established their entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the cross motion of North Fork Bank and Capital One for summary judgment declaring that the plaintiffs are not entitled to possession of the letter of credit and dismissing the causes of action to recover damages and for injunctive relief insofar as asserted against those defendants.

However, the Supreme Court erred in searching the record and awarding summary judgment dismissing the causes of action to recover damages and for injunctive relief insofar as asserted against JCA and JCA Associates of NY, Inc.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of an interlocutory judgment, inter alia, declaring that the plaintiffs are not entitled to possession of the letter of credit (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.