■ TELETECH EUROPE B.V., Appellant, v ESSAR SERVICES MAURITIUS, Formerly Known as WORLD FOCUS, Respondent. [921 NYS2d 62]—

Order, Supreme Court, New York County (James A. Yates, J.), entered on or about January 7, 2010, which, in this action alleging breach of the parties' escrow agreement due to the improper transfer of escrow funds, granted defendant's motion to compel arbitration and stay the action, unanimously reversed, on the law and the facts, with costs, and the motion denied.

Supreme Court, in compelling arbitration, held that the arbitration clause of the parties' stock transfer agreement (STA)

provided that the parties agreed to arbitrate disputes "arising out of or in connection with [the] Agreement." The court found that the STA arbitration provision controls over the forum selection clause of the parties' escrow agreement, which provided that the parties "consent[ ] to the jurisdiction of the courts located in the State of New York." Supreme Court correctly noted that, for purposes of interpreting contemporaneous agreements which are part of the same transaction, the instruments should be read together (see Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197 [1941]). However, it does not follow that the arbitration clause in the STA applies to this dispute. Indeed, we find that it is the escrow agreement, not the STA, that contains the conditions precedent for release of the escrow funds. Moreover, paragraph 5 (a) of the escrow agreement specifically states that in the event of a conflict between the escrow agreement and the STA, the escrow agreement controls. Accordingly, because the escrow agreement controls this dispute, arbitration is not required (see Smith v Shields Sales Corp., 22 AD3d 942 [2005]). Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 26 Misc 3d 1208(A), 2010 NY Slip Op 50015(U).]**