*556 Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered March 21, 2013, which denied defendant’s motion to vacate enforcement proceedings relating to the confessions of judgment filed by plaintiff and subsequently assigned to respondent judgment creditor, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 14, 2013, as amended July 29, 2013, which, to the extent appeal-able, denied defendant’s motion to renew, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered June 14, 2013, which, to the extent appealed from as limited by the briefs, granted respondent’s cross motion to direct the Clerk to record the assignment of the judgments to respondent, unanimously affirmed, without costs.
Supreme Court correctly rejected defendant’s argument that the general release executed by plaintiff, the original judgment creditor, served to extinguish the judgments by confession that the plaintiff had duly filed in 1996. Rather, the court properly read the general release in conjunction with the contemporaneously executed stipulation of settlement agreement between, inter alia, plaintiff and defendant (see Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197 [1941]; Teletech Europe B.V. v Essar Servs. Mauritius, 83 AD3d 511, 512 [1st Dept 2011]). Read as a whole, the agreements make clear that defendant was only released from direct liability to plaintiff, which assigned the judgments to respondent judgment creditor’s predecessor. Not only does the stipulation of settlement agreement expressly provide that plaintiff assigned the judgments to respondent’s predecessor, but defendant’s affidavit in support of his original motion acknowledged this assignment, and that respondent’s predecessor assigned all of its rights, claims and properties to respondent in December of 2010. Such formal judicial admissions are binding for the purposes of this litigation (see Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363, 364 [1st Dept 2007]), and, in any event, they are supported by the documentation in the record.
Supreme Court also correctly found that defendant failed to meet his burden to establish that he had paid the judgments to respondent’s predecessor or to respondent (see Dowling v Hastings, 211 NY 199, 201 [1914]). Defendant did not present a satisfaction of judgment, and his claims to have paid the judgments in 2002 to respondent were refuted by respondent’s principal, and are inconsistent with the fact that respondent, although a beneficiary of the predecessor trust, did not own the judgments until the trust’s property was assigned to it eight years later. Moreover, the sole trustee of the predecessor trust *557 at the time of the alleged payment averred that he never entered into any agreement to accept payment of defendant’s debt to the trust.
Supreme Court properly directed the Clerk of the Court to record the transfer of the judgments pursuant to CPLR 5019 (c).
We have considered defendant’s remaining arguments and find them unavailing.
Concur — Gonzalez, P.J., Friedman, Moskowitz, Freedman and Kapnick, JJ.