Kodsi v Scotto (2019 NY Slip Op 01872)





Kodsi v Scotto


2019 NY Slip Op 01872


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526869

[*1]BAROUKH KODSI, Respondent,
v
GENNARO SCOTTO et al., Appellants.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Thomas M. Gambino, Poughkeepsie, for appellants.
Bluestein, Shapiro, Rich & Barone, LLP, Goshen (Brian M. Newman of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Mott, J.), entered September 21, 2017 in Ulster County, which granted plaintiff's motion for summary judgment in lieu of complaint.
In September 2006, defendants purchased two parcels of real property located in Ulster County from plaintiff's son. Defendants executed a promissory note in the amount of $920,000 secured by a mortgage on the real property. The mortgage was subsequently assigned to plaintiff. Following a dispute regarding these parcels, defendants entered in a stipulation agreement and executed a new promissory note in plaintiff's favor and a consolidation, extension and modification agreement, reflecting a debt of $934,710.61. Defendants were thereafter unable to make property tax payments and, in April 2017, the subject property was sold in a tax foreclosure sale. After defendants failed to make required payments due under the promissory note, plaintiff, in May 2017, commenced this action by motion for summary judgment in lieu of complaint under CPLR 3213, which defendants opposed. Supreme Court granted plaintiff's motion. Defendants now appeal. We affirm.
"When an action is based upon an instrument for the payment of money only . . ., the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint" (CPLR 3213; see Friends Lbr. v Cornell Dev. Corp., 243 AD2d 886, 887 [1997]). In our view, plaintiff satisfied his moving burden by submitting the note and evidence of defendants' default under the promissory note (see Corning Fed. Credit Union v American Made Tires, Inc., 167 AD3d 1359, 1360 [2018]; Maikels v Albany Broadcasting Co., 248 AD2d 915, 916 [1998]; Judarl v Cycletech, Inc., 246 AD2d 736, 737 [1998]). With the burden having been shifted, "it was incumbent upon defendant[s] to demonstrate the existence of a triable issue of fact with respect to a bona fide defense" (Maikels v Albany Broadcasting Co., 248 AD2d at 916 [internal quotation marks and citation omitted]; see Coneco Corp. v Atlantic Energy Servs., Inc., 270 AD2d 691, 693 [2000]; Lavelle v Urbach, Kahn & Werlin, 198 AD2d 751, 751 [1993]).
We conclude that defendants failed to discharge their burden of raising a triable issue of fact. Contrary to defendants' assertion, plaintiff was entitled to premise this action on defendants' breach of the promissory note inasmuch as it contained an "unambiguous and unconditional promise to pay a specified sum on a specified date and is clearly an instrument for the payment of money only" (Craven v Rigas, 71 AD3d 1220, 1222 [2010] [internal quotation marks and citation omitted], lv denied 14 NY3d 713 [2010]). Nor do we agree with defendants that they are entitled to a setoff, given that such claim is based upon extrinsic agreements (see New Rochelle Dodge v Bank of N.Y., 127 AD2d 638, 639-640 [1987]). Furthermore, for an appraisal of the subject property to be conducted so that a setoff amount could be calculated, the stipulation agreement required that there be a default under the note and mortgage by defendants and a release of the deed, and the record fails to disclose that the latter occurred. In any event, because the subject property was sold at a tax foreclosure sale, defendants did not have marketable title to it and an appraisal would have been meaningless. That said, we also are unpersuaded by defendants' claim that plaintiff was limited to seeking the equitable remedy of foreclosure on the mortgage. To the contrary, plaintiff, as the holder of the note and mortgage, could either "proceed at law to recover on the note or proceed in equity to foreclose on the mortgage" (Grizzi v Hall, 309 AD2d 1140, 1141 [2003]), as long as he chose one of these alternate remedies. Defendants' remaining arguments have been examined and are without merit.
Egan Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.