King v City of New York (2025 NY Slip Op 00485)

King v City of New York

2025 NY Slip Op 00485

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 150749/18 Appeal No. 3599 Case No. 2024-00520 

[*1]Sharon T. King, Plaintiff-Respondent,
v
City of New York, Defendant-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Hannah J. Sarokin of counsel), for appellant.
Kreisberg Maitland Mendelberg & O'Hearn, LLP, New York (Jeffrey L. Kreisberg of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about December 12, 2023, which denied defendant City of New York's motion to dismiss the action pursuant to CPLR 3211(a)(1) and (a)(5), unanimously affirmed, without costs.
In June 2018, plaintiff settled a federal action she commenced against the City and her employer, New York City Administration for Children's Services (ACS), alleging employment discrimination and disparate treatment under Title VII of the Civil Rights Act of 1964 (42 USC, ch 21 § 2000e et seq.), New York State Executive Law § 296(1)(a) (State Human Rights Law), and New York City Human Rights Law (Administrative Code of City of NY § 8-107). The settlement agreement specifically provided that plaintiff was settling any and all claims related to her pleadings in the federal action in consideration of her receipt of $50,000. The settlement agreement expressly referenced a general release executed by the parties that, by its terms, was to follow the action taken by the parties as per the terms of their settlement agreement. The release provided that plaintiff was releasing any and all claims related to the allegations in the pleadings in the federal action, as well as any right or claim under the Federal Age Discrimination in Employment Act, "and" "(iii) any and all other liability, claims or rights of action that may exist or arise up to and including the date" the release was executed.
At the time plaintiff executed the release of her claims in the federal action, this action was pending in state court, alleging that the City violated section 8-107(1)(a) of the New York City Human Rights Law because it denied plaintiff a reasonable accommodation for her disabilities, which were allegedly connected to a work-related accident.
The settlement documents submitted in the terminated federal action, when read as a whole, established that the parties intended the broad language in subpart three of the release to be limited to the recital of claims stated in the release, namely, claims that could have been brought in connection with plaintiff's federal employment discrimination action, or under the Age Discrimination in Employment Act, provided such a claim arose prior to the execution of the release (see Herman v Malamed, 110 AD2d 575, 576-577 [1st Dept 1985]; Maxwell Partners, LLC v Building Studio, LLP, 32 AD3d 321, 323-324 [1st Dept 2006]). The settlement agreement is properly read in conjunction with the release (see Bank Leumi Trust Co. of N.Y. v Toms, 117 AD3d 555, 556 [1st Dept 2014]), particularly where the release expressly refers to the settlement agreement. That agreement settles only the claims in the federal action. Furthermore, the release specifically addresses claims in the federal action and unasserted claims under the federal Age Discrimination in Employment Act but makes no mention of the claims in the instant state action, although it was pending at the time. Finally, the claims in the two actions [*2]are unrelated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025